**Albert COOPER, Appellant,**

v.

**STATE OF NORTH CAROLINA, Samuel P. Garrison, Warden, Central Prison, Appellees.**

No. 82–6293.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1982.

Decided March 10, 1983.

Norman B. Smith, Greensboro, N.C. (Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N.C., on brief), for appellant.

Richard N. League, Sp. Deputy Atty. Gen., Raleigh, N.C. (Rufus L. Edmisten, Atty. Gen., of North Carolina, Raleigh, N.C., on brief), for appellees.

Before WINTER, Chief Judge, ERVIN, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.

ERVIN, Circuit Judge:

Albert Cooper challenges the constitutionality of his incarceration by the state of North Carolina after his felony conviction in state court. The district court denied his petition for a writ of habeas corpus and this court granted a certificate of probable cause. We now affirm.

## I.

On December 2, 1971, Cooper was discovered by a policeman in a bowling alley in Goldsboro, North Carolina. He was behaving in a peculiar manner and was taken to a local hospital, where he told a nurse that he had "destroyed" his wife and children and made irrational statements to the nurse and to other hospital personnel. That same evening police entered Cooper's apartment and found the bodies of his wife and four children, who had been brutally murdered.

Cooper was admitted to a state mental hospital and charged with the murders of his family. After being shuttled between hospital and court for several months, he finally was found competent to stand trial, although it was considered necessary by his doctor to keep him under medication during the trial in order to keep his mental illness in remission.

Cooper pled not guilty to five counts of first degree murder. His evidence at trial went toward showing his mental illness, and was largely corroborated by the state's evidence. Indeed, the state has not contended at any point in Cooper's odyssey that Cooper is not suffering from mental illness, but only that he was not *legally* insane when he committed the murders, and was *legally* competent to stand trial.

The trial judge instructed the jury that it could return verdicts of guilty of first degree murder, guilty of second degree murder, not guilty by reason of insanity, or not guilty. He distinguished the two degrees of murder and described their respective elements in accord with North Carolina law at the time.[1] The judge repeatedly

---

1. The judge's instruction that proof of an intentional killing gave rise to a presumption of malice accorded with then current state law but violated the due process requirements of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). This claim was

informed the jury that the state had the burden of proving beyond a reasonable doubt all the elements of the crime, including (for first degree murder) specific intent to kill, premeditation, and deliberation. The judge further instructed the jury that Cooper had the burden of proving to the jury's satisfaction that he was legally insane at the time of the murders. He did not tell the jurors specifically that evidence of Cooper's mental illness could be considered with regard to the elements of specific intent, premeditation, and deliberation, although he did state generally that their decision as to the existence *vel non* of a reasonable doubt should be "based on reason and common sense arising out of some or all of the evidence."

The jury found Cooper guilty of first degree murder on all counts, and he was sentenced to life imprisonment. The North Carolina Supreme Court affirmed Cooper's conviction over a strong dissent by Chief Justice Sharp, who argued that Cooper was entitled to a specific jury instruction that evidence of his paranoid schizophrenia was to be considered in determining whether the state had proven specific intent, premeditation, and deliberation. *State v. Cooper,* 286 N.C. 549, 213 S.E.2d 305, 334–35 (N.C.1975) (Sharp, C.J., dissenting).

## II.

Cooper maintains before this court only one ground for habeas relief: the claim of entitlement to a specific jury instruction that evidence of his mental illness be taken into account in determining the state's success in proving specific intent, premeditation, and deliberation. A jury charge which compels or even invites reasonable jurors to accept an unconstitutional view of the law vitiates a defendant's conviction and can never be harmless error.

not raised on direct appeal to the state supreme court, and, therefore, federal habeas relief is precluded. *See Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.1980), *cert. denied,* 449 U.S. 1004, 101 S.Ct. 545, 66 L.Ed.2d 301 (1980).

**2.** This narrow standard of review does not contradict the general principle that constitutional

*Sandstrom v. Montana,* 442 U.S. 510, 526, 99 S.Ct. 2450, 2460, 61 L.Ed.2d 39 (1979). However, when reviewing a charge for constitutional infirmity, the court is required to look at the charge "in its entirety," not just at the challenged parts. *Reeves v. Reed,* 596 F.2d 628, 629 (4th Cir.1979). While a charge which is correct viewed in its entirety will be upheld ordinarily despite the existence of misstatements of law, internal self-contradiction may render it invalid.

First instructing the jury in one way and then in another ... requires reversal for a new trial ... "If a charge to a jury, considered in its entirety, correctly states the law, the incorrectness of one paragraph or one phrase standing alone ordinarily does not constitute reversible error; but it is otherwise if two instructions are in direct conflict and one is clearly prejudicial, for the jury might have followed the erroneous instructions."

*United States v. Walker,* 677 F.2d 1014, 1016 n. 3 (4th Cir.1982), *quoting McFarland v. United States,* 174 F.2d 538, 539 (D.C.Cir. 1949).

In collateral review of a jury charge, the court can grant relief only if a stringent standard is met by the petitioner: that of demonstrating that "the offending instruction is so oppressive as to render a trial fundamentally unfair." *Adkins v. Bordenkircher,* 517 F.Supp. 390, 399 (S.D.W.Va. 1981), *aff'd,* 674 F.2d 279 (4th Cir.1982).[2] The Supreme Court recently stated, in a case in which the petitioner's claim, like Cooper's, was that an omission in the jury charge constituted error, that

[t]he burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the

infirmity in a jury charge is never harmless error, but only requires a stricter standard of proof from a habeas petitioner seeking to show such infirmity than is imposed on a criminal defendant in a direct appeal from his or her conviction.

showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," *Cupp v. Naughten,* 414 U.S. [141] 147 [94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)], not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned,'" *id.* at 146 [94 S.Ct. at 400]. In this case, the respondent's burden is especially heavy because no erroneous instruction was given; his claim of prejudice is based on the failure to give any explanation beyond the reading of the statutory language itself of the causation element. An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.

*Henderson v. Kibbe,* 431 U.S. 145, 154–155, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). It is apparent that to afford Cooper relief this court must find that he has carried a very heavy burden of persuasion.

### III.

■ Cooper's primary objection [3] to the trial judge's jury instructions is the latter's failure to instruct the jury to consider evidence about Cooper's mental illness with regard to the elements of specific intent, premeditation, and deliberation of the crime of first degree murder. This, according to Cooper, in effect shifted to him the burden of disproving those elements of the crime.

■ It is clear that a state may make insanity an affirmative defense to be proven by the defendant, *see Patterson v. New York,* 432 U.S. 197, 205, 97 S.Ct. 2319, 2324, 53 L.Ed.2d 281 (1977), and may rely on a presumption of sanity in proving its case-in-chief in a criminal prosecution, *see Mullaney v. Wilbur,* 421 U.S. 684, 702 n. 31, 95 S.Ct. 1881, 1891 n. 31, 44 L.Ed.2d 508 (1975). It is equally clear that the state must prove beyond a reasonable doubt every element of the crime with which a defendant is charged, *see In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and "may not shift the burden of proof to the defendant by presuming [an element of a crime] upon proof of the other elements of the crime." *Patterson,* 432 U.S. at 215, 97 S.Ct. at 2329. The labels attached by the state legislature or supreme court are not dispositive, *see Patterson, id.* at 210, 97 S.Ct. at 2327, and the federal courts are to employ a "functional analysis" aimed at determining whether the state has in effect incorporated the absence of the affirmative defense into the elements of the crime. *See Holloway v. McElroy,* 632 F.2d 605, 625, 628 (5th Cir. 1980), *cert. denied,* 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981).

Cooper claims that by failing specifically to instruct the jury that it should consider mental illness evidence in connection with the state's proof of specific intent, premeditation, and deliberation, the state trial court put the burden on him of demonstrating, through the insanity defense, the absence of intent. Under North Carolina law, the existence of mental illness can negate the possibility of intent, deliberation, and premeditation, *see State v. Cooper,* 213 S.E.2d at 320, elements of first degree murder which the state had to prove to convict

---

**3.** Cooper also contends that the North Carolina Supreme Court's opinion on his direct appeal established an irrebuttable presumption of capacity to deliberate and premeditate arising upon his failure to prove his insanity defense, and that such a presumption violates due process. This argument misconceives our role in habeas corpus proceedings. This court does not exercise appellate jurisdiction over the state supreme court, and our concern in such proceedings is not to correct alleged errors in that court's views of federal law, but solely to determine if the petitioner's incarceration violates the federal Constitution. As we discuss below, the state trial court did not deny Cooper due process, and his incarceration is constitutional.

Cooper's final argument, that his conviction violated the equal protection clause because North Carolina law guarantees a defendant a jury instruction on the effect of voluntary intoxication on the intentional elements of first degree murder, but does not guarantee such an instruction on the effect of mental illness, was not presented to the state supreme court or to the federal district court below. Cooper, therefore, may not raise this contention here. *See Cole v. Stevenson,* 620 F.2d 1055 (4th Cir.1980).

Cooper. Cooper argues that the judge's specific instruction to consider the mental illness evidence with respect to his affirmative defense of insanity might have misled the jury into thinking that it could consider that evidence *only* in that regard.

 While there is a slight possibility that the jury could have misunderstood the trial judge's somewhat imprecise instruction, Cooper has not made the showing that "the offending instruction [rendered the] trial fundamentally unfair," *Adkins,* 517 F.Supp. at 379, necessary to support the grant of the writ of habeas corpus. The trial judge did tell the jury that they were to consider whether the state had excluded all reasonable doubts on the basis of "some or all of the evidence." He repeatedly instructed the jury that the state had to prove all the elements of first degree murder beyond a reasonable doubt, and that this burden of persuasion included the elements of specific intent, premeditation, and deliberation. He stated that "with deliberation" meant "while in a cool state of mind." Viewed "in its entirety," we do not find that the charge was misleading, or "infected the entire trial." *Henderson,* 431 U.S. at 154, 97 S.Ct. at 1736.[4]

### IV.

Cooper has failed to shoulder with success the heavy burden on a habeas petitioner who challenges a jury charge because of a sin of omission. Therefore, the district court's denial of the writ must be affirmed.

AFFIRMED.

---

**4.** Cooper's reliance on *Hughes v. Mathews,* 576 F.2d 1250 (7th Cir.1978), *cert. dismissed,* 439 U.S. 801, 99 S.Ct. 43, 58 L.Ed.2d 94 (1978), is misplaced. The constitutional error in that case was that the state used a rebuttable presumption of intent to convict a defendant while forbidding him to introduce relevant psychiatric evidence tending to rebut the presumption. No evidence was excluded in this case.