**W. Bruce GRAY, Petitioner,**

v.

**William D. LEEKE, Commissioner, South Carolina Department of Corrections, Respondent.**

Civ. A. No. 83–2006–14.

United States District Court, D. South Carolina, Anderson Division.

April 6, 1984.

---

Alexander Macauley, Walhalla, S.C., for petitioner.

Donald Zelenka, Asst. Atty. Gen., Columbia, S.C., for respondent.

WILKINS, District Judge.

Pursuant to 28 U.S.C. § 2254, Petitioner sought a writ of habeas corpus. Respondent moved for summary judgment. In accordance with 28 U.S.C. § 636(b) and the local rules of this Court, the matter was referred to a United States Magistrate. The Magistrate's Report recommended that Respondent's motion be granted and that the petition for habeas corpus be denied.

Upon a thorough review of the record, including the Magistrate's Report and Petitioner's exceptions, the transcript of the trial judge's jury charge, and the applicable law, this Court rejects the Magistrate's Report. Petitioner's application for a writ of habeas corpus is granted.

Petitioner, presently on bond pending a decision on his petition, was convicted in the general sessions court of South Carolina for embezzling public funds.[1] At the time of his trial, Petitioner was serving as the town clerk of Walhalla, S.C. The substance of the state's case against Petitioner was that he was the town clerk, that he was charged with safekeeping of the town's money, that funds which should have been in the town's treasury were missing, and that there was no accounting

for the missing funds. After his conviction, the South Carolina Supreme Court affirmed his conviction pursuant to Supreme Court Rule 23.

Petitioner's primary ground for relief is that the charge to the jury violated his constitutional right to due process. U.S. CONST. amend. XIV. On collateral review of a claim that an erroneous jury charge was given by the trial court, a habeas petitioner must meet a "stricter standard of proof ... to show [constitutional] infirmity" than is required on direct review of a criminal conviction. *Morris v. State of Maryland,* 715 F.2d 106, 109 (4th Cir.1983) *citing Cooper v. State of North Carolina,* 702 F.2d 481, 483 n. 2 (4th Cir.1983). The petitioner must show that "the offending instruction is so oppressive as to render a trial fundamentally unfair." *Adkins v. Bordenkircher,* 517 F.Supp. 390, 399 (S.D. W.Va.1981), *aff'd,* 674 F.2d 279 (4th Cir.), *cert. denied,* 459 U.S. 878, 103 S.Ct. 173, 74 L.Ed.2d 142 (1982). An erroneous instruction, in order to provide a basis for habeas relief, must be so offending that it infected the entire trial so as to render the entire process fundamentally unfair. *Henderson v. Kibbe,* 431 U.S. 145, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977).

The trial judge correctly charged the jury the elements of the crime for which Petitioner had been indicted:

There are certain elements which the State must prove to you in order to prove its case beyond any reasonable doubt and they must prove each of these elements beyond any reasonable doubt and the first of these elements is that the Defendant, at the time and place in question, was a public officer. Secondly, that public funds were entrusted to his safekeeping, his transfer and/or his disbursement. Third, that the public official or the Defendant appropriated those funds to his own use and lastly, the last element is, that he did that with a fraudulent intent to deprive the public body of

---

**1.** § 16–13–210 (S.C.Code 1976). Embezzlement of public funds. "All officers and other persons charged with safekeeping, transfer and disbursements of any public funds who shall embezzle the same shall be guilty of a felony...."

its funds. And as I say, the State must prove each of these elements beyond any reasonable doubt.

(Tr. 187–188.)

The Court notes the following state statute and emphasizes that this statute was not charged by the trial judge:

§ 16–13–220. Embezzlement of public funds; presumption on proof of failure to account for receipts.

In trials under § 16–13–210, upon production of evidence tending to prove that any such officer or other person has received public funds and failed to account therefor as required by law there shall arise a presumption that the funds received and unaccounted for have been fraudulently appropriated by such officer or person, and the burden at such stage of the case shall rest upon such officer or person to show otherwise.

Since the trial judge recognized the constitutional problem with this statute and did not charge it, it has nothing to do with an analysis of this case.[2]

However, the trial judge did charge: Now ladies and gentlemen of the jury, I charge you also that under the laws of this State ... if the State has produced evidence which tends to prove beyond any reasonable doubt that the Defendant has received public funds and there has been a failure to account for those public funds, a jury may conclude from that proof, if in fact you find that beyond a reasonable doubt, that the unaccounted funds have been fraudulently appropriated because under the law a public officer has a duty to account for public funds coming into his possession. However, ... any inferences which can be drawn from a circumstance can be rebutted by other evidence in the case which shows you that that conclusion or inference should not be drawn from those circumstances.

(Tr. 190.)

The first two elements of the crime were satisfied without contest, that is, that Peti-

tioner was a public officer and that public funds were entrusted to his safekeeping. Under the trial judge's charge, once these two uncontested elements were established coupled with a failure to account, "the jury may conclude from that proof ... that the unaccounted funds have been fraudulently appropriated...." This conclusion, the instruction continued, was permissible "because under the law a public officer has a duty to account for public funds coming into his possession. However, ... any inferences which can be drawn from a circumstance can be rebutted by other evidence in the case which shows you that that conclusion or inference should not be drawn from those circumstances."

■ This charge first instructed the jury that a permissible conclusion or inference could be drawn from certain facts if proved beyond a reasonable doubt. This was a proper charge on circumstantial evidence. It was instruction to the jury to use reason and common sense in evaluating the state's case. It allowed a permissible inference but did not mandate one. However, the trial judge ran afoul of constitutional requirements by charging that any inference which might be drawn "can be rebutted by other evidence in the case which shows you that that conclusion or inference should not be drawn from those circumstances." A reasonable, if not compelling, interpretation of this language is that the burden was on the defendant to produce evidence to rebut any adverse inference which had arisen on the issue of fraudulent appropriation. Consequently, unless the defendant offered the jury evidence producing a convincing non-criminal explanation for the missing funds, the crux of the offense, fraudulent appropriation, would be established by inference in the absence of rebutting evidence. This impermissibly shifted the burden of proof. *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61

---

**2.** Apparently, some confusion arose at an earlier state court proceeding regarding whether this statute was charged.

L.Ed.2d 39 (1979); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

The trial judge did not have the benefit of the South Carolina Supreme Court's recent condemnation of words such as "rebuttable" and "reasonable explanation." *State v. Cooper,* 279 S.C. 301, 306 S.E.2d 598 (1983). The court held "that the expression 'rebuttable' and 'reasonable explanation' may too easily be taken by the jury as requiring the defendant to personally rebut or explain." *Id.* at 599. The instructions in Petitioner's case did what *Cooper* forbids. *See also State v. Lewellyn,* Op. No. 22065 (S.C. March 23, 1984).[3]

█ It is fundamental that an accused can be convicted only upon proof beyond a reasonable doubt of every essential element necessary to constitute the crime charged. *See In Re Winship,* 397 U.S. 358, 361–364, 90 S.Ct. 1068, 1070–1072, 25 L.Ed.2d 368 (1970). Here, the jury was permitted to "infer" or "conclude" that the missing funds were fraudulently appropriated by Petitioner upon proof that he was a public officer entrusted with unaccounted-for funds (Tr. 190) unless he produced evidence to the contrary. I find the charge to be fundamentally unfair and to have infected the entire trial, violating Petitioner's due process right. *Morris v. State of Maryland,* 715 F.2d at 108–109; *Cooper v. State of North Carolina,* 702 F.2d at 483; *Adkins v. Brodenkircher,* 517 F.Supp. at 399. Consequently, this Court issues a writ of habeas corpus, vacating Petitioner's conviction for violating Section 16–13–210. The state may elect to re-try Petitioner within a reasonable period of time as determined by applicable state rules. In view of this ruling, the Court finds it unnecessary to address the other exceptions taken to the Magistrate's Report.

AND IT IS SO ORDERED.

---

3. This Court does not base its decision on *Cooper* or *Lewellyn,* since errors of state law do not provide a proper basis to this Court to issue a writ of habeas corpus. 28 U.S.C. § 2241.