STATE OF NORTH CAROLINA v. JAMES LEE WILLIAMS

No. 8326SC839

(Filed 3 April 1984)

**1. Searches and Seizures § 13— time limit of consent to search**
    The temporal scope of a consent to search is a question of fact to be determined in light of all the circumstances.

**2. Searches and Seizures § 13— delay in conducting search by consent**
    Where there is a delay in conducting a search by consent, seized evidence should be excluded only if the delay resulted in legal prejudice to the complaining party.

**3. Searches and Seizures § 13— search not exceeding duration of consent**
    A search twenty-three hours after defendant executed a consent to search did not exceed the duration of the consent where the written consent contained no limitations on the time for search; there was no evidence that de-

fendant attempted to withdraw his consent prior to the search or that he attempted to limit its duration; during much of the time lapse, the officers who conducted the search were engaged in other investigation regarding the crime; and there was no evidence indicating that the result of the search would have differed if it had been conducted at an earlier time.

**4. Searches and Seizures § 13— search not exceeding physical scope of consent**

Where defendant executed a consent to search authorizing search of his vehicle "located at . . . the Mecklenburg County Police Department," a search of defendant's automobile after an officer moved the vehicle from the premises of the police department to the department's impound area did not exceed the physical scope of defendant's consent since the statement in the consent form regarding the vehicle's location was descriptive of the subject of search rather than proscriptive as to place; there was no evidence that defendant attempted, verbally or in writing, to restrict the search as to location; and there was no evidence indicating that the result of the search would have differed if it had been conducted at the department rather than the impound area. G.S. 15A-223(a).

**5. Criminal Law § 163— failure to object to charge—waiver of objection**

Defendant cannot assign error to the trial court's failure to charge on voluntary manslaughter where defense counsel on three occasions stated that defendant was satisfied with the charge and had no requests for further instructions. App. Rule 10(b)(2).

APPEAL by defendant from *Gaines, Judge.* Judgment entered 10 March 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 March 1984.

Defendant appeals from a judgment of imprisonment entered upon his conviction of second degree murder.

*Attorney General Edmisten, by Assistant Attorney General W. Dale Talbert, for the State.*

*Larry Thomas Black for defendant appellant.*

WHICHARD, Judge.

Defendant contends the court erred in denying his motion to suppress evidence seized during a search of his automobile. He concedes that he voluntarily executed a consent to search, and that "a law-enforcement officer may conduct a search and make seizures, without a search warrant or other authorization, if consent to the search is given." G.S. 15A-221(a); *see Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 36 L.Ed. 2d 854, 858, 93 S.Ct. 2041, 2043-44 (1973); *State v. Long,* 293 N.C. 286, 293, 237 S.E. 2d 728,

732 (1977). He relies, however, on G.S. 15A-223(a), which provides that a search by consent "may not exceed, in duration or physical scope, the limits of the consent given."

Defendant executed the consent to search at 8:47 p.m. on 12 July 1982. The search was conducted at 7:30 p.m. on 13 July 1982. Defendant argues that the twenty-three hour interval between the consent and the search exceeded the duration of the consent.

[1] The temporal scope of a consent to search is a question of fact to be determined in light of all the circumstances. *People v. Trujillo*, 40 Colo. App. 186, 189, 576 P. 2d 179, 181 (1977) (consent executed on 9 August, not limited to a particular time, sufficient to support search on 11 August). "A brief 'lapse of time between the consent and the search does not require a reaffirmation of the consent as a condition precedent to a lawful search.'" *Gray v. State*, 441 A. 2d 209, 221 (Del. 1981) (twenty hour delay while officers conducted other investigation permissible). "The length of time a consent lasts depends upon the reasonableness of the lapse of time between the consent and the search in relation to the scope and breadth of the consent given." *Gray, supra,* 441 A. 2d at 221; *see also United States v. White,* 617 F. 2d 1131, 1134 (5th Cir. 1980) (two day delay not ground for suppression of evidence where no indication defendant attempted to withdraw his consent prior to search or that he was in any way prejudiced by the delay).

[2] Where there is delay in executing a *warrant* for search, "evidence should be excluded only if the delay resulted in legal prejudice to the complaining party." *United States v. Bradley,* 428 F. 2d 1013, 1016 (5th Cir. 1970). The same should apply where there is delay in conducting a search by consent.

[3] The written consent to search here contained no limitations on the time for search. There is no evidence that defendant attempted to withdraw his consent prior to the search or that he attempted, verbally or in writing, to limit its duration. During much of the time lapse, the officers who conducted the search were engaged in other investigation regarding the crime. This consisted of a consensual search of defendant's apartment and the surrounding area, and interviews with defendant. No evidence tends to indicate in any way that the result of the search would have differed if it had been conducted at an earlier time.

Under these circumstances we hold that the search was conducted with reasonable expedition, and defendant has shown no prejudice from the brief delay between the consent and the search. We thus reject the contention that the motion to suppress should have been granted because the search exceeded the duration of defendant's consent.

[4] The consent to search authorized "a complete search of [defendant's] . . . vehicles . . . located at . . . the Mecklenburg County Police Department, Charlotte, N.C." After defendant executed the consent, and before officers conducted the search, an officer moved the vehicle searched from the premises of the police department to the department's impound area. Defendant argues that this placed the vehicle outside the physical scope of his consent.

The written consent to search contained no limitation on the place. There is no evidence that defendant attempted, verbally or in writing, to restrict the search as to location. The statement in the consent form regarding the vehicle's location was descriptive of the subject of search rather than proscriptive as to place.

Further, the officer who moved the vehicle testified that the reason was to "[p]ut it in a sealed area where [he] could process it later." He left the vehicle "sealed," and it remained so when he opened it to conduct the search. None of the seals had been "tampered with." Thus, no evidence tends to indicate in any way that the result of the search would have differed if it had been conducted at the department rather than the impound area.

Under these circumstances we hold that removal of the vehicle was reasonable, and defendant has shown no prejudice therefrom. We thus reject the contention that the motion to suppress should have been granted because the search exceeded the physical scope of defendant's consent.

[5] Defendant contends the court erred in denying his request that it charge the jury on voluntary manslaughter. When making the request, defense counsel expressed doubt as to "whether voluntary manslaughter is an appropriate charge," but made the request for the record. In response to the court's request for the State's position, the District Attorney stated: "My feeling is, Judge, that you have to strengthen the testimony in order for it

to justify [a] voluntary manslaughter charge." The court then suggested reopening the evidence because of the possibility that doing so "might give rise to a manslaughter charge." After further discussion defense counsel requested, and the court in its discretion granted, permission to reopen the evidence.

Following additional testimony, defendant did not renew the request; and the court did not charge on voluntary manslaughter. When it completed the charge, the court inquired whether the attorneys desired "any changes, alterations or additions." Defense counsel replied: "The defendant is satisfied with the charge, your Honor."

During deliberations the jury returned to the courtroom to request additional instructions. Upon completing the further instructions, the court again asked, in the jury's presence, if either the State or defendant had "anything further they would like the Court to instruct on." Defense counsel replied in the negative.

Following the jury's departure, the court again called for "any additions, deletions or anything with regard to the additional instructions," and "[a]ny objections to any portion of it." Defense counsel responded: "No requests from the defendant."

Under these circumstances defendant cannot assign error to the omission complained of. N.C. R. App. P. 10(b)(2). Upon the record as a whole, the omission was not "plain error." *State v. Odom,* 307 N.C. 655, 659-62, 300 S.E. 2d 375, 378-79 (1983). This assignment of error is therefore overruled.

Finally, the court did not err in denying defendant's motion for a new trial.

No error.

Chief Judge VAUGHN and Judge PHILLIPS concur.