STATE OF NORTH CAROLINA v. LEON GEORGE BAUBLITZ, JR.

No. COA04-1208

(Filed 16 August 2005)

**1. Appeal and Error— preservation of issues—necessity of objection at trial—unconstitutional statute**

Although the Court of Appeals is bound by the holding in *State v. Tutt*, 171 N.C. App. 518 (2005), stating that the amendment to N.C.G.S. § 8C-1, Rule 103 is inconsistent with N.C. R. App. P. 10(b)(1), and thus, the amendment is unconstitutional, the Court of Appeals exercised its discretion to review defendant's assignments of error to the admission of seized evidence on the merits because the amendment to Rule 103 went into effect before the present case went to trial. The amendment was thus under a presumption of constitutionality at the time of trial.

**2. Search and Seizure— traffic stop—motion to suppress— probable cause**

The trial court did not err in a possession of a controlled substance case by denying defendant's motion to suppress the evidence obtained from his vehicle during the search even though defendant contends the officer lacked reasonable and articulable suspicion, because: (1) the probable cause standard applies when the officer observed defendant's vehicle twice cross the center line of the highway in violation of N.C.G.S. § 20-146(a); (2) an officer's subjective motivation for stopping a vehicle is irrelevant as to whether there are other objective criteria justifying the stop; and (3) the fact that the officer did not issue defendant a ticket was irrelevant since the officer's objective observation of defendant's vehicle twice crossing the center line provided the officer with probable cause for the stop regardless of his subjective motivation.

STATE v. BAUBLITZ

[172 N.C. App. 801 (2005)]

**3. Search and Seizure— traffic stop—motion to suppress—scope of consent**

The trial court did not err in a possession of a controlled substance case by denying defendant's motion to suppress the evidence obtained from his vehicle during the search even though defendant contends the search of his vehicle that yielded the cocaine exceeded the scope of his consent to a search, because: (1) defendant placed no explicit time limit on his consent to the search, nor did he attempt to revoke his consent at any time; (2) only a few minutes lapsed between the time the officer conducted the initial search and when he recovered the cocaine; (3) the officer was not prohibited from momentarily interrupting his search of defendant's vehicle; and (4) even if defendant had not consented to the search, the officer would have been authorized to search defendant's vehicle based on the automobile exception to the warrant requirement.

**4. Drugs— possession of a controlled substance—constructive possession—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession of a controlled substance even though defendant contends there was insufficient evidence of his possession, because: (1) constructive possession can be inferred when there is evidence that a defendant had the power to control the vehicle where a controlled substance was found, and a situation where a passenger in a vehicle could have moved or hidden the contraband within the vehicle does not contradict a defendant's control of the vehicle; and (2) although defendant was not alone in the vehicle, the location of the crack cocaine between his seat and the center console and the presence of additional suspicious packaging material between his feet on the vehicle's floorboard were sufficient additional circumstances to support a reasonable inference of his constructive possession of the drug.

**5. Drugs— possession of a controlled substance—motion for judgment notwithstanding verdict**

The trial court did not abuse its discretion in a possession of a controlled substance case by denying defendant's motion for judgment notwithstanding the verdict, because the evidence was sufficient to support the jury's verdict.

STATE v. BAUBLITZ

[172 N.C. App. 801 (2005)]

Appeal by defendant from judgment entered 7 October 2003 by Judge Paul L. Jones in Superior Court, Pamlico County. Heard in the Court of Appeals 14 June 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Martin T. McCracken, for the State.*

*Daniel F. Read for defendant-appellant.*

McGEE, Judge.

Leon George Baublitz, Jr. (defendant) was convicted on 7 October 2003 of possession of a controlled substance. He was placed on supervised probation for twenty-four months. Defendant appeals.

The State's evidence at trial tended to show that Investigator Scott Houston (Investigator Houston) of the Pamlico County Sheriff's Department was conducting surveillance at the residence of Gloria Midgette (Midgette), a suspected crack cocaine dealer, on 22 November 2002. Around 8:00 or 8:30 p.m., Investigator Houston saw defendant pull his vehicle into Midgette's driveway. Investigator Houston saw Milton Cornell Davis (Davis), whom Houston knew as a drug runner for Midgette, approach defendant's vehicle from Midgette's home. Davis talked briefly with defendant and then walked back to Midgette's home. Davis soon returned to defendant's vehicle, and Davis and defendant drove off together.

Investigator Houston followed defendant's vehicle and observed the vehicle cross the center line of the highway twice. Investigator Houston stopped defendant's vehicle. When he looked inside the vehicle, Investigator Houston saw a piece of plastic on the floor between defendant's feet. The piece of plastic was the corner of a plastic bag that had been cut and knotted at the top. Investigator Houston noticed that the bag contained an off-white residue and, based on his six-year history of over 300 arrests, believed it to be cocaine. Investigator Houston asked defendant to step out of the vehicle, and defendant complied. Investigator Houston asked defendant if defendant had any contraband in the vehicle. Defendant replied that he did not. Investigator Houston explicitly asked for defendant's permission to search the vehicle. Defendant agreed to the search.

Investigator Houston performed a pat-down search of defendant and Davis, and a quick search of defendant's vehicle to retrieve the plastic bag. Defendant stood at the trunk of his vehicle during this time. Probation Officer Larry Collins (Officer Collins) was passing by

and witnessed the traffic stop. Officer Collins stopped to offer his assistance and informed Investigator Houston that Davis was on probation and subject to warrantless searches. Officer Collins searched Davis and found a crack-smoking device in Davis's shoe. Investigator Houston asked defendant to sit in Investigator Houston's vehicle.

Officer Collins informed Investigator Houston that Davis wished to cooperate with law enforcement by showing them where contraband was located in the vehicle. Davis informed Investigator Houston and Officer Collins that cocaine was located between the driver's seat and the console. Investigator Houston then retrieved what appeared to be crack cocaine from the location in defendant's vehicle as specified by Davis. Investigator Houston arrested defendant and charged him with possession of cocaine.

The State Bureau of Investigation examined the substance found in defendant's vehicle and determined that the substance was 1.1 grams of cocaine.

Defendant filed a motion to suppress evidence gathered as a result of the traffic stop on 1 October 2003. The motion was heard and denied prior to trial. A jury convicted defendant on 7 October 2003 for possession of a controlled substance, cocaine. Defendant moved for a judgment notwithstanding the verdict. The trial court denied the motion. Defendant appeals.

## I.

[1] Defendant argues that the trial court erred when it denied his motion to suppress the evidence obtained from his vehicle during the search. The State counters that because defendant did not object to the admission of the evidence at trial, he has failed to preserve for appellate review all issues related to the evidence found in the search of his vehicle. Our Court has held that a pretrial motion to suppress is a type of motion *in limine*, and that "a motion *in limine* is not sufficient to preserve for appeal the question of admissibility of evidence if [a] defendant does not object to that evidence at the time it is offered at trial." *State v. Grooms*, 353 N.C. 50, 65-66, 540 S.E.2d 713, 723 (2000), *cert. denied*, 534 U.S. 838, 151 L. Ed. 2d 54 (2001).

The General Assembly recently amended Rule 103 of the Rules of Evidence to provide: "Once the [trial] court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." N.C.R. Evid. 103(a)(2). The amendment

became effective on 1 October 2003 and was meant to be applicable to rulings made on or after that date. Since the trial court heard and ruled on the motion to suppress in defendant's case on 7 October 2003, the amendment is applicable to this case.

The interpretation of the recent amendment to Rule 103 is an unsettled issue, and disagreement exists over whether the amendment to Rule 103 is constitutional. In *State v. Tutt*, 171 N.C. App. 518, 524, 615 S.E.2d 688, 692-93 (2005), the majority opinion held that the amendment to Rule 103 was unconstitutional. The majority opinion stated that "[t]he Constitution of North Carolina vests the Supreme Court of North Carolina with exclusive authority to make rules of practice and procedure for the appellate division of the courts[,]" and found that the amendment was unconstitutional because it is inconsistent with N.C.R. App. P. 10(b)(1). *Tutt*, 171 N.C. App. at 524, 615 S.E.2d at 692-93.

The dissent in *Tutt* argued that the amendment to Rule 103 was a rule of evidence and not of procedure, and thus our Court must defer to the General Assembly. *Tutt*, 171 N.C. App. at 527, 615 S.E.2d at 694 (Tyson, J., dissenting). The dissent pointed out that our Court has previously made rulings consistent with the amendment to Rule 103. *Tutt*, 171 N.C. App. at 532-33, 615 S.E.2d at 697-98. In *State v. Rose*, 170 N.C. App. 284, 612 S.E.2d 336 (2005), *disc. review denied*, 359 N.C. 641, — S.E.2d — (June 30, 2005) (No. 296P05), our Court held that, under the amendment to Rule 103, once the trial court denied the defendant's motion to suppress, the defendant was not also required to object at trial to preserve the argument for appeal. *Rose*, 170 N.C. App. at 288, 612 S.E.2d at 339. Similarly, in *In re S.W.*, 171 N.C. App. 335, 337, 614 S.E.2d 424, 426 (2005), our Court held that the defendant "properly preserved his assignment of error by objecting when the trial court denied his motion to suppress in conformity with the amended North Carolina Rule[] of Evidence 103."

The dissent in *Tutt* argued that this Court is bound by the precedent of *Rose* and *In re S.W.*, citing *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). However, we do not find *Rose* and *In re S.W.* controlling because these decisions did not consider nor address the constitutionality of the amendment to Rule 103. We are therefore bound by the holding in *Tutt* that,

because the amendment to Rule 103 is inconsistent with N.C.R. App. P. 10(b)(1), the amendment is unconstitutional. *See Civil Penalty,* 324 N.C. at 384, 379 S.E.2d at 37. Despite the holding in *Tutt,* in our discretion we review defendant's assignments of error on the merits, as the amendment to Rule 103 went into effect before the present case went to trial. The amendment was thus under a presumption of constitutionality at the time of trial.

A trial court's findings of fact when ruling on a motion to suppress evidence are binding on appeal when the findings of fact are supported by competent evidence. *State v. Barden,* 356 N.C. 316, 332, 572 S.E.2d 108, 120-21 (2002), *cert. denied,* 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003). However, a trial court's conclusions of law as to whether law enforcement had reasonable suspicion or probable cause to detain a defendant are reviewable *de novo. State v. Young,* 148 N.C. App. 462, 466, 559 S.E.2d 814, 818, *disc. review denied,* 355 N.C. 500, 564 S.E.2d 233 (2002).

A.

[2] Defendant first contends that his motion to suppress should have been granted because Investigator Houston lacked sufficient reasonable and articulable suspicion to stop defendant's vehicle. We first note that defendant cites an incorrect justification for the traffic stop. This Court has held that "[w]here an officer makes a traffic stop based on a readily observed traffic violation, such as speeding or running a red light, such a stop will be valid if it was supported by *probable cause." State v. Barnhill,* 166 N.C. App. 228, 231, 601 S.E.2d 215, 217, *disc. review denied,* 359 N.C. 191, 607 S.E.2d 646 (2004) (emphasis added). In contrast, reasonable and articulable suspicion is required for " 'a traffic stop based on an officer's [reasonable] *suspicion* that a traffic violation is being committed, but which can only be verified by stopping the vehicle, such as drunk driving or driving with a revoked license[.]' " *State v. Wilson,* 155 N.C. App. 89, 94, 574 S.E.2d 93, 98 (2002), *disc. review denied,* 356 N.C. 693, 579 S.E.2d 98, *cert. denied,* 540 U.S. 843, 157 L. Ed. 2d 78 (2003) (alteration in original) (quoting *Young,* 148 N.C. App. at 471, 559 S.E.2d at 820 (Greene, J., concurring)). In the present case, Investigator Houston stopped defendant's vehicle when Investigator Houston observed defendant's vehicle twice cross the center line of the highway, in violation of N.C. Gen. Stat. § 20-146(a). Defendant's traffic violation was readily observable, and therefore the probable cause standard applies.

Probable cause is "suspicion produced by such facts as indicate a fair probability that the person seized has engaged in or is engaged in criminal activity." *State v. Schiffer*, 132 N.C. App. 22, 26, 510 S.E.2d 165, 167, *disc. review denied*, 350 N.C. 847, 539 S.E.2d 5 (1999). Investigator Houston's observation of defendant's vehicle twice crossing the center line furnished sufficient circumstances to provide Investigator Houston with probable cause to stop defendant's vehicle for a violation of N.C. Gen. Stat. § 20-146(a). *See Barnhill*, 166 N.C. App. at 233, 601 S.E.2d at 218; *Wilson*, 155 N.C. App. at 95, 574 S.E.2d at 98.

Defendant argues that since Investigator Houston never gave defendant a traffic ticket, Investigator Houston was not acting on probable cause when he stopped defendant's vehicle. Rather, defendant argues, Investigator Houston was acting upon "generalized, unparticularized suspicions that defendant was involved in a drug transaction[.]" We reject this argument. Our Supreme Court has stated that, "[p]rovided objective circumstances justify the action taken, any 'ulterior motive' of the officer is immaterial." *State v. McClendon*, 350 N.C. 630, 635, 517 S.E.2d 128, 131 (1999). Therefore, "an officer's subjective motivation for stopping a vehicle is irrelevant as to whether there are other objective criteria justifying the stop." *Barnhill*, 166 N.C. App. at 233-34, 601 S.E.2d at 219. Investigator Houston's objective observation of defendant's vehicle twice crossing the center line provided Investigator Houston with probable cause for the stop, regardless of his subjective motivation. The fact that Investigator Houston did not issue defendant a ticket is irrelevant.

## B.

**[3]** Defendant next argues that the trial court erred in denying his motion to suppress because the search of defendant's vehicle that yielded the cocaine exceeded the scope of defendant's consent to a search. We have held that "[g]enerally, the Fourth Amendment and article I, § 20 of the North Carolina Constitution require issuance of a warrant based on probable cause for searches. However, our courts recognize an exception to this rule when the search is based on the consent of the detainee." *State v. Jones*, 96 N.C. App. 389, 397, 386 S.E.2d 217, 222 (1989) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 36 L. Ed. 2d 854, 858 (1973); and *State v. Belk*, 268 N.C. 320, 322, 150 S.E.2d 481, 483 (1966)). When a defendant's consent is given "freely, intelligently, and voluntarily," *State v. Aubin*, 100 N.C. App. 628, 633, 397 S.E.2d 653, 656 (1990), *disc. review denied*, 328 N.C. 334, 402 S.E.2d 433 (1991), and a defendant is not subject to coercion,

a defendant's consent to search a vehicle for contraband entitles the
officer to " 'conduct a reasonable search anywhere inside the [ve-
hicle] which reasonably might contain contraband[.]' " *Aubin*, 100
N.C. App. at 634, 397 S.E.2d at 656 (quoting *State v. Morocco*, 99 N.C.
App. 421, 430, 393 S.E.2d 545, 550 (1990)).

A warrantless search supported by consent is lawful only to the
extent that it is conducted within the spatial and temporal scope of
the consent. Absent an express limit to the duration of the consent,

> [t]he temporal scope of a consent to search is a question of fact
> to be determined in light of all the circumstances. A brief lapse of
> time between the consent and the search does not require a reaf-
> firmation of the consent as a condition precedent to a lawful
> search. The length of time a consent lasts depends upon the rea-
> sonableness of the lapse of time between the consent and the
> search in relation to the scope and breadth of the consent given.

*State v. Williams*, 67 N.C. App. 519, 521, 313 S.E.2d 236, 237, *cert.
denied*, 311 N.C. 308, 317 S.E.2d 909 (1984) (internal citations and
quotations omitted).

Defendant argues that he only consented to the initial search, and
that Investigator Houston's more thorough search after receiving
information from Davis exceeded the scope of defendant's consent.
We find that the undisputed evidence before the trial court supports
a finding that Investigator Houston's second search of the vehicle did
not exceed the scope of defendant's consent. Defendant placed no
explicit time limit on his consent to the search, nor did he attempt to
revoke his consent at any time. *Id.* at 521, 313 S.E.2d at 237. Only a
few minutes lapsed between the time Investigator Houston con-
ducted the initial search and when he recovered the cocaine.
Investigator Houston was not prohibited from momentarily interrupt-
ing his search of defendant's vehicle. Accordingly, we find that the
cocaine was admissible evidence found as a result of a consensual
search of defendant's vehicle.

Furthermore, even if defendant had not consented to the search,
Investigator Houston would have been authorized to search defend-
ant's vehicle because of the " 'automobile exception' to the war-
rant requirement[.]" *See State v. Isleib*, 319 N.C. 634, 637, 356 S.E.2d
573, 575 (1987). A warrant is not required to perform a lawful search
of a vehicle on a public road when there is probable cause for the
search. *State v. Earhart*, 134 N.C. App. 130, 133, 516 S.E.2d 883, 886
(1999). " 'Probable cause exists where "the facts and circumstances

within . . . [the officers'] knowledge and of which [the officers] had reasonable trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.' " *Id.* at 133, 516 S.E.2d at 886 (citations omitted). In this case, Investigator Houston observed defendant drive up to Midgette's home, a location that was known for its drug activity. Investigator Houston also observed Davis, a known drug runner, approach defendant's vehicle from Midgette's home, speak with defendant, go back inside Midgette's home, return to defendant's vehicle, and leave with defendant. Investigator Houston testified that this behavior was consistent with drug sales that he had previously observed take place at Midgette's home. After pulling defendant's vehicle over, Investigator Houston saw a piece of plastic that resembled drug paraphernalia in defendant's vehicle. Davis also told Investigator Houston that Davis knew where cocaine was located in defendant's vehicle. These circumstances provided Investigator Houston with probable cause that justified a warrantless search of defendant's vehicle under the automobile exception to the warrant requirement. The trial court did not err by denying defendant's motion to suppress or by admitting evidence obtained as a result of the search of defendant's vehicle.

II.

**[4]** Defendant argues that the trial court erred in denying defendant's motion to dismiss on the grounds that the evidence presented was insufficient to submit the charge to the jury. Defendant contends that he did not have actual or constructive possession of the cocaine, and thus the evidence related to the essential element of possession was insufficient to submit to the jury. We disagree.

When considering a motion to dismiss, the trial court must view the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference that can be drawn. *State v. Benson,* 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). "If there is substantial evidence—whether direct, circumstantial, or both—to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied." *State v. Locklear,* 322 N.C. 349, 358, 368 S.E.2d 377, 383 (citing *State v. Williams,* 319 N.C. 73, 79, 352 S.E.2d 428, 432 (1987)).

The possession element of the offense charged in the present case "can be proven by showing either actual possession or con-

structive possession." *State v. Siriguanico*, 151 N.C. App. 107, 110, 564 S.E.2d 301, 304 (2002). "[C]onstructive possession depends on the totality of the circumstances in each case. No single factor controls, but ordinarily the question will be for the jury." *State v. James*, 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986). In determining whether a defendant had constructive possession of contraband, this Court has held that:

> [w]here such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. It is not necessary to show that an accused has exclusive control of the premises where [drug] paraphernalia are found, but where possession . . . is nonexclusive, constructive possession . . . may not be inferred without other incriminating circumstances.

*State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987) (internal quotations and citations omitted). Our Court has also held that constructive possession can be inferred when there is evidence that a defendant had the power to control the vehicle where a controlled substance was found. *State v. Dow*, 70 N.C. App. 82, 85, 318 S.E.2d 883, 886 (1984). A situation where a passenger in a vehicle could have moved or hidden the contraband within the vehicle does not contradict a defendant's control of the vehicle. *State v. Rogers*, 32 N.C. App. 274, 277, 231 S.E.2d 919, 921 (1977). In *Rogers*, where a passenger could have had time to hide the contraband in the vehicle, our Court held that when "the driver is in control of the car . . . and the controlled substance is found in the car . . . such evidence is sufficient to withstand motion for dismissal." *Id.*

Moreover, although defendant was not alone in the vehicle, the location of the crack cocaine between his seat and the center console and the presence of additional suspicious packaging material between his feet on the vehicle's floorboard were sufficient additional circumstances to support a reasonable inference of his constructive possession of the drug. *See State v. Harvey*, 281 N.C. 1, 12-13, 187 S.E.2d 706, 714 (1972), *State v. Tisdale*, 153 N.C. App. 294, 297-98, 569 S.E.2d 680, 682-83 (2002); *State v. Searcy*, 37 N.C. App. 68, 70, 245 S.E.2d 412, 414 (1978).

When viewed in the light most favorable to the State, there is substantial evidence that defendant had constructive possession of

STATE v. BAUBLITZ

[172 N.C. App. 801 (2005)]

the cocaine. It is clear from the record that defendant was the driver of the vehicle where the cocaine was found. Prior to stopping defendant for a traffic violation, Investigator Houston witnessed defendant arrive at the residence of a known drug dealer and then drive off with a known drug runner. When all reasonable inferences are made in favor of the State, the totality of the circumstances in the present case supports a submission of the charge to the jury. The trial court did not err in denying defendant's motion to dismiss.

III.

[5] Defendant next argues that the trial court erred in denying defendant's post-trial motion to set aside the verdict on the grounds that "the evidence was insufficient to justify the verdict of guilty returned by the jury." However, our Court has held that:

> [t]he decision to grant or deny a motion to set aside the verdict is within the sound discretion of the trial court and is not reviewable absent a showing of an abuse of that discretion. When the evidence at trial is sufficient to support the jury's verdict, there is no abuse of discretion in the trial court's denial of defendant's motion to set aside the verdict.

*State v. Serzan*, 119 N.C. App. 557, 561-62, 459 S.E.2d 297, 301 (1995) (citations omitted).

There is no evidence to indicate that the trial court committed an abuse of discretion. For the reasons stated above, the evidence was sufficient to support the jury's verdict; therefore, there was no abuse of discretion by the trial court. Defendant's argument is without merit. The trial court did not err in denying defendant's motion for a judgment notwithstanding the verdict.

No error.

Judges HUNTER and LEVINSON concur.