An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-522
NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

STATE OF NORTH CAROLINA

v.                                    Iredell County
                                      No. 11 CRS 53453
JERRY D. REMBERT


Appeal by defendant from judgments entered 6 September 2013 by Judge Gary M. Gavenus in Iredell County Superior Court. Heard in the Court of Appeals 8 October 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Richard A. Graham, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender John F. Carella, for defendant-appellant.*


BRYANT, Judge.


Because the prosecution provided insufficient evidence of defendant's possession of the crystal methamphetamine found in the trunk of the vehicle he was driving, we reverse the trial court's denial of defendant's motion to dismiss and remand with instructions for the trial court to vacate the convictions.

On 2 April 2012, an Iredell County grand jury indicted defendant Jerry D. Rembert on two counts of trafficking in methamphetamine: one count of possessing more than 28 but less than 200 grams of methamphetamine; and one count of transporting more than 28 but less than 200 grams of methamphetamine. The matter came on for trial on 3 September 2013 during the criminal session of superior court, the Honorable Gary Gavenus, Judge presiding.

The evidence presented tended to show that on 24 May 2011, Sergeant Gary Simpson was employed and on duty with the Iredell County Sheriff's Office and assigned to the Interstate Criminal Enforcement Team. At 12:50 p.m., Sergeant Simpson observed a grey 2011 Chevrolet Impala with Ohio plates traveling north on I-77. Because the vehicle was traveling above the 70 mph speed limit, Sergeant Simpson conducted a traffic stop. On the roadside, Sergeant Simpson approached the vehicle and observed two occupants. Upon request, defendant, who was driving, provided his identification and the rental agreement for the vehicle but acknowledged that he did not have a driver's license. Sergeant Simpson asked defendant to step out of the vehicle, at which point he frisked defendant and asked him to sit in the front passenger seat of the patrol car while Sergeant

Simpson searched for outstanding warrants. Sergeant Simpson testified that defendant was cooperative but was becoming overly stressed as the traffic stop progressed. When asked, defendant stated that he was coming from his aunt's home in Hickory and that he had been in North Carolina for two days. Sergeant Simpson also spoke with the vehicle passenger, Grady Finley, who stated that the two had been in North Carolina overnight. Ultimately, Sergeant Simpson returned defendant's identification and the vehicle rental agreement and informed defendant that only a warning citation would be issued and that defendant was free to leave. As defendant exited the vehicle, Sergeant Simpson asked another question: was defendant in possession of anything illegal, such as narcotics. Defendant said no and volunteered consent to search the vehicle. Sergeant Simpson asked Grady to step out of the vehicle and explained that he was about to conduct a search. Grady was sweating and appeared nervous. When he exited the vehicle, Sergeant Simpson observed that the front zipper of Grady's pants was open. "Through my training and experience, I felt like that he had hidden some type of contraband in his underwear . . . ." Upon conducting a pat-down of Grady, Sergeant Simpson discovered a small bag of marijuana. Grady and defendant were asked to stand by the

patrol car. In the vehicle's trunk, Sergeant Simpson observed a black fanny pack. In the fanny pack, Sergeant Simpson found one ounce of crystal methamphetamine and $2,700.00 in various denominations.

At the close of the State's evidence and again at the close of all evidence, defendant made a motion to dismiss the two trafficking charges based on the prosecution's failure to establish possession or constructive possession of the drugs found in the vehicle's trunk. Defendant's motions were denied. The jury found defendant guilty of both counts of trafficking in methamphetamine. In accordance with the jury verdict, the trial court entered judgment on both of defendant's trafficking convictions and sentenced defendant to two terms of 70 to 84 months imprisonment, to be served consecutively. Defendant appeals.

_____

On appeal, defendant argues that the trial court erred in denying his motion to dismiss because the State failed to present substantial evidence that he possessed the fanny pack found in the trunk of the rental car. Specifically, defendant argues that his motion should have been granted because the State failed to establish his constructive possession of the

fanny pack found in the trunk of the rental car he was driving. We agree.

At the close of the State's evidence and again at the close of all of the evidence, defendant moved to dismiss the charges against him. In response, the prosecution argued that

> the driver of a vehicle is in control of that vehicle for the purposes of possession of the contents therein . . . . [and] that constructive possession can be inferred when there is evidence that a Defendant had the power to control the vehicle where [the] controlled substance was found[.]

In support of its argument, the prosecution cited *State v. Baublitz*, 172 N.C. App. 801, 616 S.E.2d 615 (2005), in which this Court found sufficient incriminating circumstances to support a reasonable inference of the defendant's constructive possession of "crack" cocaine: the cocaine was discovered between the defendant's seat and the center console of the vehicle the defendant was driving; and law enforcement officers found additional suspicious packaging material between the defendant's feet on the vehicle's floorboard. *Id.* at 810, 616 S.E.2d at 622.

"When ruling on a defendant's motion to dismiss, the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged, and (2) that

the defendant is the perpetrator of the offense." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citations omitted). "Substantial evidence is relevant evidence that a reasonable mind would find adequate to support a conclusion." *State v. Mobley*, 206 N.C. App. 285, 291, 696 S.E.2d 862, 866 (2010) (citation omitted). "If, viewed in the light most favorable to the State, the evidence is such that a jury could reasonably infer that defendant is guilty, the motion must be denied." *State v. Woodard*, 210 N.C. App. 725, 730, 709 S.E.2d 430, 434 (2011) (citation and quotations omitted). "We review denial of a motion to dismiss criminal charges *de novo* . . . ." *Mobley*, 206 N.C. App. at 291, 696 S.E.2d at 866 (citation omitted).

"Possession of a controlled substance may be actual or constructive. A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." *State v. Ferguson*, 204 N.C. App. 451, 459, 694 S.E.2d 470, 477 (2010) (citation and quotations omitted).

> A defendant constructively possesses contraband when he or she has the intent and capability to maintain control and dominion over it. The defendant may have the power to

control either alone or jointly with others. Unless a defendant has exclusive possession of the place where the contraband is found, the State must show other incriminating circumstances sufficient for the jury to find a defendant had constructive possession.

*State v. Miller*, 363 N.C. 96, 99, 678 S.E.2d 592, 594 (2009) (citations and quotations omitted). "Our cases addressing constructive possession have tended to turn on the specific facts presented. . . . Constructive possession depends on the totality of circumstances in each case, so that no single factor controls." *Ferguson*, 204 N.C. App. at 460, 694 S.E.2d at 477 (citations and quotations omitted). "[T]he question is ordinarily one for the jury." *State v. Hudson*, 206 N.C. App. 482, 490, 696 S.E.2d 577, 583 (2010) (citation omitted). "[T]he mere presence of the defendant in an automobile in which illicit drugs are found does not, without more, constitute sufficient proof of his possession of such drugs." *Ferguson*, 204 N.C. App. at 460, 694 S.E.2d at 477 (citation and quotations omitted). "Examples of [other] incriminating circumstances include a defendant's nervousness or suspicious activity in the presence of law enforcement." *Hudson*, 206 N.C. App. at 490, 696 S.E.2d at 583 (citations omitted) (finding sufficient incriminating circumstances existed where a suspect displayed suspicious

behavior when he exited his truck with his back to the officer and hands up after being pulled over for a minor traffic offense and the officer later testified that the suspect's hands were shaking when he handed over his information, his carotid artery was pulsating out of his neck, and he was sweating despite the forty-degree weather).

Here, defendant was not in exclusive possession of the vehicle; therefore, the prosecution was required to establish "other incriminating circumstances sufficient for the jury to find a defendant had constructive possession." *Miller*, 363 N.C. at 99, 678 S.E.2d at 594 (citation omitted).

When viewed in the light most favorable to the State, the evidence provides that defendant was cooperative with the officer's requests but became "overly stressed" as the traffic stop progressed. However, was no evidence presented describing objective indicators of defendant's stress. Defendant stated that he had been in North Carolina two days, while the passenger stated they had been in North Carolina overnight. Neither defendant nor Grady's name was on the vehicle rental agreement.

After reviewing the record, we hold that based on the totality of the circumstances, the prosecution failed to present sufficient evidence of defendant's active or constructive

possession of the crystal methamphetamine found in the trunk of the vehicle.  *See id.*  As such, there was insufficient evidence before the trial court to survive a motion to dismiss the trafficking charges against defendant, and thus, the trial court erred in failing to dismiss the charges against defendant. Therefore, we reverse the trial court's denial of defendant's motion to dismiss and remand this matter to the trial court with instructions to vacate defendant's convictions.

Reversed.

Judges ELMORE and ERVIN concur.

Report per Rule 30(e).