An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1117

Filed 15 October 2025

Montgomery County, No. 23CR245364-610

STATE OF NORTH CAROLINA

v.

DATHAN SHAKA McINTYRE

Appeal by defendant from judgment entered 16 May 2024 by Judge Vinston Miller Rozier in Montgomery County Superior Court. Heard in the Court of Appeals 9 September 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Kellie E. Army, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Brandon B. Mayes, for defendant.*

ARROWOOD, Judge.

Dathan Shaka McIntyre ("defendant") appeals from judgment entered on 16 May 2024 of one count of possession of a firearm by a felon. On appeal, defendant argues: (1) The State presented insufficient evidence defendant constructively possessed the firearm; (2) N.C.G.S. § 14-415.1 is facially unconstitutional under the

Second Amendment to the United States Constitution; (3) N.C.G.S. § 14-415.1 is unconstitutional as applied to defendant under the Second Amendment to the United States Constitution; and (4) N.C.G.S. § 14-415.1 is unconstitutional as applied to defendant under the North Carolina Constitution. Additionally, defendant has filed a petition for writ of certiorari requesting appellate review. For the following reasons, we grant defendant's petition for writ and affirm the trial court's judgment.

## I.     Background

Defendant was indicted on one count of possession of a firearm by a felon on 17 April 2023. His case came on for trial on 15 May 2024. The State presented evidence tending to show that just after midnight on 28 February 2023, Officer Servando Sanchez ("Officer Sanchez") of the Montgomery County Sheriff's Office was called to assist with an arrest. When he arrived on the scene, Officer Sanchez saw defendant already in custody in the front seat of a state trooper's vehicle. The arresting trooper informed Officer Sanchez that he smelled marijuana in defendant's truck. Officer Sanchez approached the truck and agreed that there was a marijuana odor. He then asked defendant about the odor and defendant confirmed that someone had been smoking in his truck a few hours prior.

At that point, Officer Sanchez assumed custody of defendant and searched his truck. During the search, Officer Sanchez found a backpack in the rear seat directly behind the driver's seat. Inside the backpack was a loaded handgun and some documents that Officer Sanchez did not inspect. Officer Sanchez also found a

magazine for the handgun underneath the rear seat. Based on the search, Officer Sanchez charged defendant with possession of a firearm.

At trial, defendant's sister testified on his behalf. She stated that, at the time of defendant's arrest, she was living with defendant after having fled her prior residence in Georgia to escape a "situation [she] was in with a man." Around 25–26 February 2023, defendant's sister used his truck to return to her Georgia residence and retrieve some personal property—including the handgun later found in defendant's backseat. Additionally, defendant's sister testified that the documents found in the backpack belonged to her and would have identified the bag as hers. Defendant's sister returned to defendant's residence with his truck on 27 February 2023. Defendant was upset because he needed the truck for a job and so defendant's sister and her son rushed to move her items out of the truck, accidentally leaving behind the backpack with the handgun. Defendant's sister did not tell him about the handgun. Thus, according to the testimony of defendant's sister, the handgun belonged to her, and defendant had no knowledge that it was in his car.

Defendant moved to dismiss at the close of the State's evidence and again at the close of all evidence. Defendant argued that the State failed to present sufficient evidence that defendant possessed the handgun. Both motions were denied and the jury found defendant guilty of felony possession of a firearm by a felon on 16 May 2024.

Defendant filed a written notice of appeal *pro se* on 30 May 2024. Defendant

additionally filed a petition for writ of certiorari on 26 February 2025.

## II.     Discussion

Defendant argues that the trial court erred in denying his motion to dismiss

for lack of sufficient evidence that defendant constructively possessed the firearm.

We first address defendant's petition for writ of certiorari.

### A.     Petition for Writ of Certiorari

A criminal defendant's notice of appeal must comply with Rule 4 for this Court

to have jurisdiction over a defendant's appeal. *State v. Hughes*, 210 N.C. App. 482,

484 (2011).  When considering a defective notice of appeal,

> The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists, or for review pursuant to N.C.G.S. § 15A-1422(c)(3) of an order of the trial court ruling on a motion for appropriate relief.

N.C. R. App. P. 21(a)(1).

"The Court of Appeals has jurisdiction . . . to issue the prerogative writs,

including . . . certiorari, . . . in aid of its own jurisdiction[.]"  N.C.G.S.  § 7A-32(c)

(2024).  "This statute empowers the Court of Appeals to review trial court rulings on

motions for appropriate relief by writ of certiorari unless some other statute restricts

the jurisdiction that subsection 7A–32(c) grants." *State v. Thomsen*, 369 N.C. 22, 25

(2016) (citing *State v. Stubbs*, 368 N.C. 40, 42–43 (2015)).  "The practice and

procedure shall be as provided by statute or rule of the Supreme Court, or, in the absence of statute or rule, according to the practice and procedure of the common law." N.C.G.S. § 7A-32(c).

Certiorari is a discretionary writ which may "be issued only for good or sufficient cause shown," and must "show merit or that [petitioner] has reasonable grounds for asking that the case be brought up and reviewed on appeal." *In re Snelgrove*, 208 N.C. 670, 671–72 (1935) (citation omitted). Additionally, a writ of certiorari "should issue only if there are 'extraordinary circumstances' to justify it." *Cryan v. Nat'l Council of Young Men's Christian Ass'ns of U.S.*, 384 N.C. 569, 572 (2023) (quoting *Moore v. Moody*, 304 N.C. 719, 720 (1982)).

Notably, this Court has permitted review of appeals where it could be "fairly inferred that Defendant intended to appeal to this Court" and where the State has not been misled by this deficiency. *See State v. Rankin*, 257 N.C. App. 354, 356 (holding that "failure to designate this Court in her notice of appeal does not warrant dismissal" and denying petition for writ of certiorari as moot), *writ allowed*, 370 N.C. 570 (2018), and *aff'd*, 371 N.C. 885 (2018). Similarly, this Court has granted petitions for writ of certiorari where petitioners demonstrated good faith efforts in making a timely appeal and because the appeal had merit. *State v. Myrick*, 277 N.C. App. 112, 114 (2021).

Here, defendant's pro se notice of appeal was timely, included the proper caption and case number, and correctly designated that the appeal was to this Court

from the Montgomery Superior Court. However, defendant failed to include certificate of service on the State and appealed the "verdict" and not the "judgment." In light of these minor defects in defendant's appeal, it is clear that defendant intended to appeal to this Court and acted in good faith to do so. Additionally, the State does not appear to have suffered any prejudice from the failure to include a certificate of service. Furthermore, in the interest of judicial economy, considering and resolving the issues presented in this case eliminates the potential need for the trial court to consider any subsequent motions or further proceedings in this matter. Therefore, we exercise our discretion under Rule 21 to address the merits of defendant's appeal.

## B.    Motion to Dismiss

Defendant argues that the trial court erred by denying his motion to dismiss his charge under N.C.G.S. § 14-415.1. Specifically, defendant contends that the State presented insufficient evidence that defendant constructively possessed the firearm where the defendant did not have exclusive control over the car in which the firearm was found and no other incriminating evidence was presented. We disagree.

### 1.    Standard of Review

Our "Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and

(2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378 (2000) (quoting *State v. Powell*, 299 N.C. 95, 98 (1980)). Substantial evidence exists if there "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78–79 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192–93 (1994).

## 2. Constructive Possession

"A defendant constructively possesses contraband when he or she has 'the intent and capability to maintain control and dominion over' it." *State v. Miller*, 363 N.C. 96, 99 (2009) (quoting *State v. Beaver*, 317 N.C. 643, 648 (1986)). Constructive possession depends on the totality of the circumstances and is ordinarily a question for the jury. *State v. McNeil*, 294 N.C. App. 233, 236–37 (2024). The analysis "often turns on a 'defendant's proximity to the contraband' and 'indicia of the defendant's control over the place where the contraband is found.' " *Id.* (quoting *Miller*, 363 N.C. at 99–100).

Additionally, "[u]nless a defendant has exclusive possession of the place where the contraband is found, the State must show other incriminating circumstances sufficient for the jury to find a defendant had constructive possession." *Miller*, 363 N.C. at 99. Where contraband is found in a car, ownership or control as the driver of

the car is a sufficient "incriminating circumstance" to give rise to the inference of possession. *State v. Hudson*, 206 N.C. App. 482, 490 (2010); *State v. Baublitz, Jr.*, 172 N.C. App. 801, 810 (2005). Even where a passenger had the opportunity to hide the contraband in the vehicle, that the driver was in control of the car is sufficient evidence to withstand a motion to dismiss. *Baublitz, Jr.*, 172 N.C. App. at 810.

Here, defendant was both the driver and the owner of the vehicle where the firearm was found, which is sufficient evidence of constructive possession to survive a motion to dismiss. Certainly, defendant put forth evidence, namely his sister's testimony, tending to show that the firearm belonged to his sister and he lacked knowledge of it. Additionally, that evidence demonstrated that defendant was not in exclusive possession of the car. However, the State met its burden of showing "other incriminating circumstances" by showing that defendant was the driver and sole occupant of the car when the firearm was discovered. Altogether, when considered in the light most favorable to the State, the State presented substantial evidence of constructive possession. Therefore, the trial court did not err in denying defendant's motion to dismiss.

### C. Constitutionality of N.C.G.S. § 14-415.1

Finally, defendant argues that N.C.G.S. § 14-415.1 is facially unconstitutional and unconstitutional as applied to defendant under the Second Amendment to the United States Constitution and Article I, Section 30 of the North Carolina Constitution. However, defendant concedes that his arguments are unpreserved on

appeal. Defendant requests that this Court exercise its discretion to invoke Rule 2 of the Rules of Appellate Procedure to reach the merits of his argument. We decline to do so.

Under Rule 2, "[t]o prevent manifest injustice to a party . . . either court of the appellate division may . . . suspend or vary the requirements or provisions of any of these rules in a case pending before it . . . upon its own initiative." N.C. R. App. P. 2. An appellate court's decision to invoke Rule 2 and suspend the appellate rules is always an exercise of discretion. *State v. Bursell*, 372 N.C. 196, 201 (2019). However, "Rule 2 relates to the residual power of our appellate courts to consider, *in exceptional circumstances*, significant issues of importance in the public interest or to prevent injustice which appears manifest to the Court *and only in such instances*." *State v. Campbell*, 369 N.C. 599, 603 (2017) (emphasis in original).

Here, defendant has failed to show that his case falls under an "exceptional circumstance" warranting us to review this argument under Rule 2. Defendant challenges the facial and as-applied constitutionality of N.C.G.S. § 14-415.1 in the wake of the United States Supreme Court decision, *New York State Rifle & Pistol Association, Inc. v. Bruen*. However, this Court has already upheld the constitutionality of N.C.G.S. § 14-415.1 after *Bruen* and we are bound by that decision. *State v. Nanes*, 912 S.E.2d 202, 207–11 (N.C. Ct. App. 2025); *State v. Ducker*, 917 S.E.2d 266, 269–75 (N.C. Ct. App. 2025), *stayed*, 915 S.E.2d 37 (N.C. 2025)(mem.). As defendant has otherwise failed to show that suspension of Rule 10

is necessary to prevent manifest injustice, we decline to invoke Rule 2 and therefore dismiss defendant's unpreserved argument.

### III.    Conclusion

For the foregoing reasons, we affirm the trial court's judgment.

AFFIRMED.

Judges STADING and STROUD concur.

Report per Rule 30(e).