STATE OF NORTH CAROLINA v. DELORES HAMLET

No. 725SC458

(Filed 12 July 1972)

1. Narcotics § 4— constructive possession

Evidence tending to show that hypodermic syringes and needles and heroin were found in a suitcase labeled with defendant's name, and that the suitcase was found beneath a bed in a bedroom recently occupied by her in a house which she leased as a tenant would support, but not require, a jury finding that defendant had knowledge of the prohibited articles and that she had both the intent and capability to maintain dominion over them, thereby having them within her constructive possession.

2. Narcotics § 4.5— instructions — inference of possession

While evidence that heroin was found in a house rented by defendant may give rise to a permissible inference that defendant had knowledge of the heroin and the power and intent to control its disposition and use, it is necessary for the jury to draw such inference after consideration of all the evidence, and the jury in a prosecution for possession of heroin should have been so instructed; consequently, the trial court erred in merely instructing the jury that such evidence would be sufficient for it to find beyond a reasonable doubt that defendant possessed the heroin.

APPEAL by defendant from *Webb, Judge,* 24 January 1972 Session of Superior Court held in NEW HANOVER County.

By two bills of indictment defendant was charged with (1) unlawful possession of a hypodermic syringe and needle for the purpose of administering habit-forming drugs and (2) unlawful possession of the narcotic drug heroin. Both offenses were alleged to have been committed on 18 November 1971. The two cases were consolidated for trial and defendant pleaded not guilty to both charges. The State's evidence in substance showed the following: On 18 November 1971 police officers, armed with a search warrant, searched a residence at 908 North Tenth Street, Wilmington, N. C. No one was in the house when the officers arrived. The officers found a suitcase under the bed in the front bedroom. There was a strip of masking tape on the suitcase with the word "McCoy," which was defendant's maiden name, written on it. The suitcase contained syringes with needles attached, a bottle cap, plastic bags with white powder in them, and other articles. Analysis of these items by the Raleigh laboratory of the S.B.I. revealed that some of the white powder and the residue in the bottle

cap contained heroin. The State's evidence also showed that on 15 October 1971 defendant entered into a lease agreement with a realty company for rental of the house located at 908 North Tenth Street in Wilmington and signed an undated tenancy application which stated that the premises would be occupied by two adults and two children. In the same bedroom in which the suitcase was found the officers found a prescription containing defendant's name. Defendant's sister, called as a witness by the State, testified that she and her daughter lived in the house with defendant and defendant's children, that she was living there on 18 November 1971, and that defendant "did live in that bedroom (referring to the front bedroom) but she wasn't staying there lately."

Defendant did not present evidence. The jury found her guilty on both charges. From judgments imposing concurrent five-year prison sentences, defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Henry E. Poole for the State.*

*W. K. Rhodes, Jr., for defendant appellant.*

PARKER, Judge.

The State's evidence was sufficient to warrant submission of the cases to the jury and defendant's motions for nonsuit were properly overruled.

> "An accused's possession of narcotics may be actual or constructive. He has possession of the contraband material within the meaning of the law when he has both the power and intent to control its disposition or use. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Harvey,* 281 N.C. 1, 12, 187 S.E. 2d 706, 714.

[1] Evidence in the present case that the prohibited articles were found in a suitcase labeled with defendant's maiden name and that the suitcase was found beneath a bed in a bedroom recently occupied by her in a house which she leased as tenant, would support, but certainly not require, a jury finding that de-

fendant had knowledge of the prohibited articles and that she had both the intent and capability to maintain dominion over them, thereby having them within her constructive possession in violation of the statutes under which she was charged. *State v. Harvey, supra; State v. Allen,* 279 N.C. 406, 183 S.E. 2d 680.

[2]  For error in the charge, however, there must be a new trial. At one point in its charge, the trial court instructed the jury as follows:

> "But, on the evidence that the defendant rented this house and the Heroin, if you should be satisfield beyond a reasonable doubt, from the evidence that she rented it, and that there was Heroin found in the house, then that would be enough evidence for you to find beyond a reasonable doubt that she possessed this Heroin."

A somewhat similar instruction was given in the case in which defendant was charged with unlawful possession of a hypodermic syringe and needle.

While the facts recited in the quoted portion of the charge, if found by the jury, may give rise to a permissible inference that the defendant had knowledge of the prohibited articles and had both the power and intent to control their disposition and use, *State v. Harvey, supra; State v. Allen, supra,* it was still necessary for the jury to draw that inference after consideration of all of the evidence, and the jury should have been clearly so instructed. In other portions of the charge the court correctly instructed the jury to the effect that an essential element of the crimes charged was that defendant "knowingly possessed" the prohibited articles, but it cannot be determined that the jury was not unduly influenced by the incorrect portion of the charge above quoted, and defendant is entitled to a new trial.

We do not discuss appellant's remaining assignments of error, some of which appear to have merit, since the questions presented may not recur upon a second trial.

New trial.

Judges VAUGHN and GRAHAM concur.