STATE OF NORTH CAROLINA v. CECIL VAN ROGERS

No. 763SC616

(Filed 2 February 1977)

1. Criminal Law § 91— motion for continuance — time to review record of prior trial

The trial court did not err in the denial of defendant's motion for continuance of his second trial so that his counsel might have adequate time to review the record of his first trial and prepare for trial where defendant was represented by appointed counsel at his first trial but retained private counsel for his second trial, on the day of trial, defense counsel was given a record of the prior trial at the instance of trial judge, and the judge called a two-hour recess to enable counsel to review the record.

2. Narcotics § 4— possession of heroin found in car

The State's evidence was sufficient for the jury on the issue of defendant's guilt of possession of heroin where it tended to show that defendant was the driver in control of a car and that heroin was

found on the floorboard of the car under both the driver's and front passenger's seats and on the ground beside the car on the passenger's side, notwithstanding defendant's contention that the evidence indicated the heroin had been moved after defendant left the car at an officer's request before the heroin was discovered.

**3. Narcotics § 4.5— knowing possession — constructive possession instructions**

Where, in a prosecution for felonious possession of heroin, the court charged on the law of constructive possession and instructed that the jury could return a guilty verdict only if it found beyond a reasonable doubt that defendant "knowingly" possessed the heroin, the court did not err in giving an additional instruction on constructive possession at the request of the jury without again instructing on knowing·possession.

**4. Criminal Law §§ 112, 116— necessity for timely written request for instructions**

The trial court did not abuse its discretion in the denial of defendant's request for special instructions on the law concerning reasonable doubt and defendant's right not to testify or offer evidence where the request was not submitted to the trial judge in writing before the jury charge was begun. G.S. 1-181(b).

APPEAL by defendant from *Rouse, Judge.* Judgment entered 19 March 1976 in Superior Court, PITT County. Heard in the Court of Appeals 11 January 1977.

Defendant Rogers was indicted and tried on a charge of felonious possession of heroin. The State's evidence tended to show that on the evening of 15 July 1974 Pitt County deputy sheriffs received information concerning a disturbance which had occurred at a club and involved four men. One of the men was reported to have had a hand gun. They left the club in a Chevrolet station wagon. Shortly after receiving the report, the deputies stopped a vehicle answering the description and containing four passengers. An officer asked the driver, the defendant, to produce his license. The defendant could not, whereupon the officer requested that the defendant step out of the car. Rogers was then informed that the car had been stopped to investigate the complaint. The officer then went around to the passenger side of the car and asked the front-seat passenger to step out. At this time the officer noticed a small tinfoil packet on the floorboard of the passenger side. The packet contained white powder. He then discovered four more such packets, two on the ground beside the vehicle on the passenger's side, one more on the floorboard on the passenger's side, and one on the

floorboard of the driver's side. The defendant and front-seat passenger were arrested for possession of heroin. Lab tests subsequently verified the contents of the packets as heroin.

The defendant did not put on evidence and was found guilty of felonious possession of a controlled substance. From judgment imposing a term of imprisonment in the county jail, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Underwood & Manning, by Samuel J. Manning, for the defendant.*

BROCK, Chief Judge.

[1] The defendant raises four arguments for consideration. In the first he argues that the trial court erred in denying defense counsel's motion for a continuance so that counsel might have adequate time to prepare. The trial from which this appeal was taken was the second trial in this matter. At the first trial defendant was represented by appointed counsel. For the second trial defendant retained private counsel. On the day of trial, defense counsel was given a record of the prior proceeding at the instance of the trial judge, who also called a two-hour recess to enable counsel to review the record. Upon reconvening, defendant moved for a continuance; motion was denied.

Defendant's counsel argues that he did not have adequate time to review the record and prepare for trial. We find no merit in this argument. Defendant must not only allege that the denial of a continuance undercut preparation, but must also show that he was prejudiced thereby. *State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386 (1964). Defendant has failed to show any prejudice.

[2] Defendant, in his second argument, contends that the trial court erred in denying his motion to dismiss at the close of the State's evidence on the grounds that the evidence was insufficient to be submitted to the jury. We find no error. As stated by this Court on the appeal from the first trial in this matter, all that is required for the case to reach the jury is evidence placing the defendant in such close juxtaposition to the drugs as to justify the jury in concluding that such drugs were in his possession. *State v. Rogers,* 28 N.C. App. 110, 200

S.E. 2d 398 (1975). Where the driver is in control of the car (as here) and the controlled substance is found in the car (on the floorboard under both driver's and passenger's seats in this case), such evidence is sufficient to withstand motion for dismissal. *State v. Wolfe*, 26 N.C. App. 464, 216 S.E. 2d 470 (1975), *cert. denied* 288 N.C. 252, 217 S.E. 2d 677 (1975).

Defendant argues that there was testimony at the second trial that was not present in the first trial of the case to the effect that there was a time gap of a "couple or three minutes" from when the officer asked the defendant to step out of the car until the officer went around to the passenger's side. Defendant contends that the time gap, coupled with the evidence concerning where the heroin was found, indicates that the drugs were moved after the defendant had gotten out of the car. The conclusion defendant would have drawn from this evidence is that he was not in such close proximity to the drugs so as to enable a jury to conclude he possessed them. This evidence does not contradict his control of the vehicle or the place where the heroin was discovered, which, as stated above, are sufficient to overcome motion for dismissal. The evidence of the time gap is but one of the circumstances for the jury's consideration.

[3] In his third argument the defendant contends that the trial court improperly charged the jury on the law of constructive possession. The judge first instructed the jury late in the afternoon and then dismissed them, ordering them back for deliberation the next morning. In his first charge, which the defendant agrees is correct, the judge explained the offense of felonious possession, telling the jury " . . . that for you to find the defendant guilty of possessing heroin, a controlled substance, the State must prove beyond a reasonable doubt that the defendant knowingly possessed heroin." The judge then explained the law of constructive possession, to wit: "A person has constructive possession of heroin if he does not have it on his person but has either by himself or together with others both the power and intent to control its disposition or use." He concluded the charge by reiterating that the jury could return a guilty verdict only if it believed beyond a reasonable doubt that defendant "knowingly possessed" the heroin.

The next morning, after some deliberation, the jury requested again the instruction concerning the law regarding possession as it related to the driver—the defendant. The judge reinstructed the jurors on constructive possession to the effect

that if they found beyond a reasonable doubt that the heroin was found in a place controlled by the defendant or in close physical proximity to defendant, that "you [jurors] may infer that the defendant had either by himself or together with others both the power and intent to control its disposition or use, but you are not required to do so."

Defendant argues that this second instruction improperly and prejudicially explained the law of constructive possession in that there was no mention of "knowing possession," thus allowing the jury to find defendant guilty by finding only that he possessed the heroin, not that he knowingly possessed the heroin. We disagree. Felonious possession of a controlled substance has two essential elements. The substance must be possessed, and the substance must be "knowingly" possessed. The jury asked and the judge answered what circumstances constitute constructive possession. The judge's explanation was totally consistent with his instruction concerning the element of constructive possession given the previous day. Nor did his explanation in any way contradict his mandate that guilt depended on a finding of knowing possession beyond a reasonable doubt.

Defendant raises in support of his argument this Court's holding in *State v. Hamlet,* 15 N.C. App. 272, 189 S.E. 2d 811 (1972). There the judge instructed the jury that constructive possession could occur if the heroin was discovered in a place over which the defendant in fact exercised control. From that control the jury could infer that defendant had the power and intent to control the disposition and use of the heroin. The judge then went on to charge that if the jury found that the defendant rented the house and that the heroin was found therein, then there is sufficient evidence "to find beyond a reasonable doubt that she possessed the heroin."

The error in this charge was that the jury could have been led to believe that a finding that defendant controlled the premises wherein narcotics were found was the equivalent to a finding that defendant knowingly possessed the narcotics, or equivalent to a finding that defendant had, either by himself or together with others, both the power and intent to control its disposition or use. This was error not easily amenable to correction by a later instruction charging knowing possession. From evidence that a defendant controls premises in which narcotics are found, the jury may, but is not required to, infer the power

and intent to control its disposition and use, but the jury may draw the inference only after considering all the evidence. *State v. Hamlet, supra.*

The present case is clearly distinguishable. The trial judge correctly charged the jury on both days that a finding of constructive possession would allow the jury to infer the power and intent to control and dispose but that the jury was not required to so find. The trial court's charge in this case did not mislead the jury to the prejudice of the defendant.

[4] In his fourth argument defendant contends that the trial court committed error in denying his request for special instructions on the law concerning reasonable doubt and the defendant's right not to testify or offer evidence. Defendant concedes that his requests were not submitted to the trial judge in writing before the judge's charge to the jury was begun. In such a case G.S. 1-181(b) gives the trial judge discretion to consider such requests or not. We find no abuse of discretion in the denial of defendant's request for special instructions.

The remaining assignment of error concerns denial of defendant's post-trial motions to set aside the jury verdict, to arrest judgment, and for mistrial. Careful examination of the record reveals no error.

We find no prejudical error in the trial.

No error.

Judges BRITT and MORRIS concur.