STATE OF NORTH CAROLINA
v.
OTHA GILL, JR., Defendant.
No. COA09-282.
Court of Appeals of North Carolina.
Filed November 17, 2009.
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Robert K. Smith, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for defendant-appellant.
STROUD, Judge.
Defendant appeals from judgment consistent with jury verdicts finding him guilty of felony possession of more than one and one-half ounces of marijuana, felony possession of cocaine, and attaining habitual felon status. For the following reasons, we find no error.
The State's evidence tended to show that on the night of 14 June 2006, defendant was driving a 1995 Ford Escort on Long Street in East Spencer. Defendant's niece, Tekeshia Gill, was riding in the front passenger seat. At approximately 11:57 p.m., defendant stopped at the railroad crossing on Long Street for a passing train. East Spencer Police Officer Dennis Watts, who was patrolling the area, stopped his patrol vehicle directly behind the Escort. While waiting for the train to pass, Officer Watts noticed that the Escort's registration tag was expired. Upon contacting dispatch, Officer Watts was informed that the registered owner of the Escort was Tekeshia Gill and that a "pickup order" had been issued directing police to confiscate the vehicle's registration tag and turn it over to the Division of Motor Vehicles.
After the train passed, Officer Watts followed the Escort over the railroad tracks and initiated a stop of the Escort by activating his blue lights. The Escort pulled over to the side of the road. Officer Watts approached the driver's side of the vehicle and identified the driver as defendant. Officer Watts detected a "strong odor of marijuana coming from the vehicle" and ordered defendant out of the car. When defendant opened the door, Watts noticed a small amount of vegetable-like material in the driver's side door console. Officer Watts arrested defendant, then approached the Escort's front passenger door. Officer Watts identified the female passenger as Tekeshia Gill ("Tekeshia"), verified that she was the owner of the Escort, and ordered her to exit the car. As Tekeshia exited the front passenger seat, Officer Watts noticed two open beer cans on the passenger side floorboard, and arrested Tekeshia.
Incident to the arrests, Officer Watts searched the Escort. Behind the driver's seat, the officer found "a woman's blue tennis shoe . . . and inside the tennis shoe was what appeared to be crack cocaine and a pipe and a push rod." On the back seat, Officer Watts found a plastic grocery bag containing a box of sandwich bags, a set of postal letter scales, and a small plastic bag containing a "white powder substance." While in the back passenger section of the Escort, Officer Watts folded down the backseat and found a black diaper bag. Inside the diaper bag was a set of scales and a plastic grocery bag containing "approximately 7.9 ounces of a vegetable-like substance." The evidence was collected and sent to the State Bureau of Investigation for chemical analysis. Agent Robert Briner testified that the white powder found in the small plastic bag was cocaine and that the vegetable-like substance found in the diaper bag was marijuana.
Defendant did not present any evidence. A jury found defendant guilty of possession of more than one and one-half ounces of marijuana and possession of cocaine. Afterwards, the jury found defendant had attained habitual felon status. The trial court sentenced defendant to 121 to 155 months imprisonment.
In his sole argument on appeal, defendant contends the trial court erred by denying his motion to dismiss the charge of possession of marijuana based on insufficiency of the evidence. Defendant argues the State failed to present sufficient evidence to establish that he possessed the marijuana found behind the backseat.
The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged, and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990) (citation omitted). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, "and the State is entitled to all reasonable inferences which may be drawn from the evidence." State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998) (citation omitted). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996) (citation omitted).
"Possession may either be actual or constructive. When the defendant, while not having actual possession, . . . has the intent and capability to maintain control and dominion over the property, he has constructive possession of the item." State v. Glasco, 160 N.C. App. 150, 156, 585 S.E.2d 257, 262 (internal quotation and citation omitted), disc. rev. denied, 357 N.C. 580, 589 S.E.2d 356 (2003). For constructive possession:
a person may be charged with possession of an item such as narcotics when he has both the power and intent to control its disposition or use even though he does not have actual possession. Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred.
State v. Davis, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989) (internal quotation marks and citations omitted). Upon a motion to dismiss, this "other incriminating" evidence is viewed in the light most favorable to the State. State v. Miller, 363 N.C. 96, 98-99, 678 S.E.2d 592, 594 (2009). Notably, "constructive possession can be inferred when there is evidence that a defendant had the power to control the vehicle where a controlled substance was found." State v. Baublitz, 172 N.C. App. 801, 810, 616 S.E.2d 615, 621 (2005) (emphasis added). Further, "[w]here the driver is in control of the car . . . and the controlled substance is found in the car . . . such evidence is sufficient to withstand motion for dismissal." State v. Rogers, 32 N.C. App. 274, 277, 231 S.E.2d 919, 921 (1977).
Here, defendant did not exclusively possess the vehicle where the marijuana was found. Defendant, however, had the power to control the vehicle as the driver. Further, there were numerous incriminating circumstances including: Officer Watts detected an odor of marijuana coming from the vehicle; Officer Watts observed what he believed to be marijuana in the driver's side car door pocket; and Officer Watts testified that the crack cocaine, pipe, and push rod found behind the driver's seat, and postal scales, sandwich bags, and the small plastic bag containing powder cocaine on the backseat, were all within reach of defendant. Viewing the evidence admitted here in the light most favorable to the State, the above incriminating circumstances more than adequately attest to defendant's non-exclusive, constructive possession of the contraband. Consequently, defendant's motion to dismiss was properly denied and this assignment of error is overruled.
No error.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).