STATE OF NORTH CAROLINA v. JASMINE MONQUE HALL

No. COA09-1097

(Filed 4 May 2010)

**1. Drugs— sufficient evidence—possession of ecstacy and ketamine**

The trial court did not err in denying defendant's motion to dismiss charges of possession of ecstacy and possession of ketamine and to set aside the verdicts of guilty on those charges because there was substantial evidence of the essential elements of both crimes. Defendant's argument that she could not have been guilty of possessing both ecstacy and ketamine because the substances were contained in the same pill was not a question for the Court when considering the denial of the motion to dismiss.

**2. Appeal and Error— issue not preserved for appellate review—trial court did not rule on motion**

Defendant's argument that convictions for possession of ecstacy and ketamine that were contained in a single pill violated the double jeopardy provisions of the Fifth Amendment, and thus the trial court erred in failing to arrest one of the judgments, was not properly before the Court of Appeals where the trial court did not rule on defendant's request to arrest the judgment for possession of ketamine.

**3. Sentencing— possession of two controlled substances in a single pill—no error**

The trial court did not err by entering sentences for both possession of ecstasy and possession of ketamine when both controlled substances were contained in a single pill. The double jeopardy protections of the Fifth Amendment were not implicated and any amount of ecstasy and any amount of ketamine found in defendant's possession was sufficient to charge defendant with possession of both controlled substances.

Appeal by Defendant from judgments and commitments entered 26 March 2009 by Judge Ola M. Lewis in Superior Court, Brunswick County. Heard in the Court of Appeals 8 March 2010.

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III, for Defendant-Appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Tracy C. Curtner, for the State.*

STEPHENS, Judge.

On 26 March 2009, a jury found Jasmine Monque Hall ("Defendant") guilty of possession of 3-4 Methylenedioxymethamphetamine, a schedule I controlled substance that is also known as "ecstasy," and ketamine, a schedule III controlled substance. The pertinent evidence presented at trial tended to show the following:

On 26 November 2007 at approximately 3:00 a.m., Sergeant Bill Kozak ("Sergeant Kozak") of the Leland Police Department initiated a traffic stop of Defendant's vehicle after observing Defendant driving in excess of the posted speed limit of 45 miles per hour and noticing that her license tag was expired. Defendant had two passengers in her vehicle at the time, a male in the front seat and a female in the rear passenger seat. Defendant searched through her purse to retrieve her driver's license, and Sergeant Kozak noticed an odor of marijuana. Officer A. Naughten, who was riding with Sergeant Kozak that evening, remained with Defendant's vehicle while Sergeant Kozak called for a Canine Unit. Officer Ronald Clarke ("Officer Clarke"), who was newly assigned to the Leland Police Department's Canine Unit, arrived at the scene within two minutes of receiving Sergeant Kozak's call. Officer Clarke walked the canine officer around Defendant's vehicle, and the dog sat on both the left and right sides of the vehicle, indicating that the dog smelled the presence of illegal narcotics.

A subsequent search of Defendant's vehicle[1] revealed the presence of a cigarette which was believed to contain marijuana and two green pills that, based on his experience, Sergeant Kozak believed to be ecstasy. Defendant admitted ownership of the cigarette but denied any knowledge or ownership of the pills. Sergeant Kozak placed Defendant under arrest, advised her of her *Miranda* rights, and transported Defendant to the police station.

Following Defendant's arrest, the two green pills were packaged and sent to the State Bureau of Investigation ("SBI") for testing. The SBI analysis revealed that each green pill weighed 0.5 grams and contained both ecstasy and ketamine.[2] The cigarette which was believed to contain marijuana was inadvertently destroyed by law enforcement in February 2009. The State subsequently dismissed the charges of possession of marijuana and possession of drug paraphernalia.

---

1. The legality of the search of Defendant's vehicle is not disputed in this case.

2. Ketamine "is a pain killer used primarily for animals[,] but [it is] also known to be used to facilitate 'date rape' by causing mental and physical impairment and memory loss." *State v. Peloso*, 109 Conn. App. 477, 484 n.9, 952 A.2d 825, 831 n.9 (2008).

Defendant did not present any evidence. At the conclusion of the State's evidence and the close of all evidence, Defendant made motions to dismiss, which were denied. The jury found Defendant guilty of possession of ecstasy, a Schedule I controlled substance, and ketamine, a Schedule III controlled substance. Defendant renewed all previous motions and made a motion to set aside the jury's verdict, all of which were denied. Defendant was sentenced to five to six months imprisonment for possession of ecstasy; this sentence was suspended, and Defendant was placed on supervised probation for 18 months. Defendant was sentenced to 45 days imprisonment for possession of ketamine.

## Discussion

### A. Motions to Dismiss

[1] In her first argument on appeal, Defendant contends that the trial court erred in denying her motions to dismiss and to set aside the verdicts because she should not have been convicted of possessing two illegal substances when these substances were contained in a mixture in a single pill.

"Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "In conducting our analysis, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992).

Possession of a controlled substance has two essential elements: (1) the substance must be possessed, and (2) the substance must be knowingly possessed. *State v. Rogers*, 32 N.C. App. 274, 278, 231 S.E.2d 919, 922 (1977); *see also* N.C. Gen. Stat. § 90-95(a)(3) (2008) ("Except as authorized by this Article, it is unlawful for any person . . . [t]o possess a controlled substance.").

Defendant concedes that "there was sufficient evidence to submit at least one charge to the jury[.]" However, Defendant contends that the trial court erred in submitting *both* felony possession of ecstasy and misdemeanor possession of ketamine because "the substances were included in the same single pill."

Defendant's argument does not challenge the sufficiency of the evidence of her possession of ecstasy or ketamine, which is the question for this Court when considering the denial of a motion to dismiss. *See Powell*, 299 N.C. at 98, 261 S.E.2d at 117. Instead, Defendant's argument that the trial court could not legally submit both possession charges to the jury is essentially the same as her argument that the trial court erred by entering sentences for both possession of ecstasy and possession of ketamine. *See infra.* Accordingly, the assignments of error upon which Defendant's first argument is based are overruled.

### B. Request to Arrest Judgment

[2] In her second argument, Defendant contends that convictions for possession of two illegal substances that were contained in a single pill violates the double jeopardy provisions of the Fifth Amendment, and thus, that the trial court erred in failing to arrest one of the judgments. This argument is not properly before us.

At trial, Defendant gave oral notice of appeal after Judge Lewis sentenced Defendant. Thereafter, the following exchange occurred:

[DEFENSE COUNSEL]: I would ask your honor to consider allowing [Defendant] to post bail, pending the appeal. Also, this case presents an interesting issue upon review, in that these pills—she was indicted for two separate compounds, two separate charges and all of the—it's a mixture within the pills. It's like felony murder, where you arrest the underlying felony. It may be appropriate in this case to arrest the judgment for the misdemeanor, seeing as how she's been found guilty of a felony, also.

[THE COURT]: Anything from the State?

[THE STATE]: Your honor, they're two distinct controlled substances. No different if you had heroin and cocaine or PCP and marijuana.

[DEFENSE COUNSEL]: But it is different because it's all the same pills. There's two pills. The State said, after the jury came back, that they didn't believe she knew that there was katamine [sic].

[THE STATE]: I believe she knew she had a controlled substance, not the identity of that controlled substance.

[THE COURT]: She's in your custody, Mr. Sheriff. As to the bond, denied.

Because the trial court did not rule on Defendant's request to arrest the judgment for possession of ketamine, this issue is not preserved for our review.

> In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. *It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. . . .*

N.C. R. App. P. 10(b)(1) (2008) (emphasis added). Thus, the assignment of error upon which this argument is based is dismissed.[3]

### C. Sentencing

[3] In her final argument, Defendant contends that the trial court erred by entering sentences for both possession of ecstasy and possession of ketamine when both controlled substances were contained in a single pill and that this sentence violates the double jeopardy provision of the Fifth Amendment of the Constitution of the United States. The State contends that Defendant has not preserved this issue for our review because she failed to object to her sentences at trial. However, in *State v. Curmon*, 171 N.C. App. 697, 615 S.E.2d 417 (2005), our Court held that "[a]n error at sentencing is not considered an error at trial for the purpose of Rule 10(b)(1) because this rule is directed to matters which occur at trial and upon which the trial court must be given an opportunity to rule in order to preserve the question for appeal." *Id.* at 703, 615 S.E.2d at 422 (internal citation and quotation marks omitted). Accordingly, Defendant was not required to object at sentencing to preserve this issue on appeal. *Id.* at 704, 615 S.E.2d at 422-23.

The Fifth Amendment of the United States Constitution, made applicable to the States by the Fourteenth Amendment, protects against double jeopardy, which includes multiple punishments for the same offense. *State v. Cameron*, 283 N.C. 191, 197-98, 195 S.E.2d 481, 485 (1973); U.S. Const. amend. V ("No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb.").

> The test of [double jeopardy, or] former jeopardy[,] is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense.

---

3. Even were the issue properly before us, it is resolved by our discussion *infra*.

Hence, the plea of former jeopardy, to be good, must be grounded on the 'same offense,' both in law and in fact, and it is not sufficient that the two offenses grew out of the same transaction. If evidence in support of the facts alleged in the second indictment would be sufficient to sustain a conviction under the first indictment, jeopardy attaches, otherwise not. However, if proof of an additional fact is required in the one prosecution, which is not required in the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same, and the plea of former jeopardy cannot be sustained. . . .

*Cameron*, 283 N.C. at 198, 195 S.E.2d at 486.

Defendant contends that her convictions for possession of two controlled substances where the controlled substances were contained in a single pill subject her to double jeopardy. Specifically, Defendant argues "that the Controlled Substances Act . . . allow[s] the State to charge drug offense[s] based upon a quantity, even if the quantity contains some mixture of other cutting agents or controlled substances[,]" and that "[t]he statute does not allow the State to charge separate offenses when there is a mixture." In support of her argument, Defendant cites, *inter alia, State v. Broome*, 136 N.C. App. 82, 523 S.E.2d 448 (1999) and *State v. Agubata*, 92 N.C. App. 651, 375 S.E.2d 702 (1989), where a defendant's conviction under the Controlled Substances Act was based on the total weight of a mixture containing a controlled substance rather than the lesser weight of the controlled substance in its pure form. *Broome*, 136 N.C. App. at 86, 523 S.E.2d at 452 (Possession of 273-gram mixture containing only 27 grams of pure cocaine was legally sufficient to support conviction for trafficking in 200-400 grams of cocaine); *Agubata*, 92 N.C. App. at 658-59, 375 S.E.2d at 706-07 (Defendant charged with trafficking in heroin was not entitled to instruction on lesser-included offense of felonious possession of heroin, though total weight of pure heroin found, excluding other controlled substances in mixture, was less than four grams; statute allowed for conviction based on total weight of heroin mixed with other substances).

Defendant's argument misses the mark. The quantity of ecstasy and ketamine contained in each pill found in Defendant's possession was irrelevant to Defendant's convictions. *Any amount* of ecstasy and *any amount* of ketamine found in Defendant's possession would have been sufficient to charge Defendant with possession of *both* controlled substances. Pursuant to N.C. Gen. Stat. § 90-95(a)(3), "it is unlawful for any person . . . [t]o possess a controlled substance." A

person will be deemed "to possess" ecstasy if that person is in possession of "[a]ny material, compound, mixture, or preparation which contains any quantity of . . . [ecstasy]." N.C. Gen. Stat. § 90-89(3)(a) (2008). Likewise, a person is considered "to possess" ketamine if that person is in possession of "[a]ny material, compound, mixture, or preparation which contains any quantity of . . . Ketamine." N.C. Gen. Stat. § 90-91(b)(12) (2008). Neither the presence nor the amount of ecstasy contained in each pill had any bearing on Defendant's conviction for possession of ketamine, and *vice versa*. Accordingly, the double jeopardy protections of the Fifth Amendment were not implicated in this instance. *See Blockburger v. United States*, 284 U.S. 299, 304, 76 L. Ed. 306, 309 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). Thus, the mere *presence* of ecstasy and ketamine contained in each pill was sufficient to support both of Defendant's convictions as well as Defendant's sentences.

NO ERROR.

Chief Judge MARTIN and Judge WYNN concur.