DILLON, Judge.
 

 Teon Jamell Williams ("Defendant") entered an
 
 Alford
 
 plea to possession with intent to manufacture, sell, or deliver ("PWIMSD") a Schedule I controlled substance and attaining habitual felon status. Defendant reserved the right to appeal the trial court's denial of his motion to suppress evidence obtained during a search of his residence. For the following reasons, we affirm.
 

 I. Background
 

 In 2013, during a routine search of Defendant's residence, Defendant's probation officer discovered a bag containing a white, powdery substance. Laboratory results determined that the bag contained two separate Schedule I substances, Methylone and 4-Methylethcathinone.
 
 See
 

 N.C. Gen. Stat. § 90-89
 
 (5)(j) (2013).
 

 Defendant was indicted for PWIMSD "Methylethcathinone," where the prefix "4" was inadvertently omitted from the drug name, and for PWIMSD Methylone. Prior to his trial, Defendant filed a motion to suppress, which was denied by the trial court. He was convicted on both counts and given consecutive sentences. In the first appeal to this Court, we affirmed Defendant's conviction for PWIMSD Methylone; however, we vacated Defendant's conviction for PWIMSD "Methylethcathinone"
 

 *825
 
 because the name of the controlled substance, an essential element of the crime, was not properly alleged in the indictment.
 
 State v. Williams
 
 , --- N.C.App. ----, ---- - ----,
 
 774 S.E.2d 880
 
 , 885-86 (2015) (unpublished).
 

 In 2015, the State indicted Defendant for PWIMSD "
 
 4-
 
 Methylethcathinone" rather than simply "Methylethcathinone." Defendant filed a motion to suppress which was functionally identical to the motion to suppress he filed prior to his first trial. The trial court denied the second motion to suppress based on the doctrine of collateral estoppel, stating that the motion "relate[d] to the same chain of events and same transaction and occurrence ... and relate[d] to the same issues" as Defendant's first motion to suppress heard prior to the first appeal.
 

 Following the denial of his second suppression motion, Defendant was found guilty PWIMSD of 4-Methylethcathinone, a Schedule I substance, and was sentenced accordingly. Defendant gave notice of appeal in open court.
 
 [1]
 

 II. Analysis
 

 On appeal, Defendant argues that the trial court erred in sentencing him a second time for possession of what he contends was a single Schedule I substance. Alternatively, Defendant argues that the trial court erred in denying his motion to suppress. We shall address each argument in turn.
 

 A. Sentencing
 

 Defendant first argues that the trial court improperly convicted him of PWIMSD 4-Methylethcathinone where he had already been convicted and sentenced for PWIMSD Methylone because both substances were mixed together in the same bag. Defendant's argument is one of statutory interpretation, specifically the language in
 
 N.C. Gen. Stat. § 90-89
 
 .
 

 N.C. Gen. Stat. § 90-89
 
 is the statute which classifies certain substances as Schedule I controlled substances.
 
 N.C. Gen. Stat. § 90-89
 
 (5) defines the relevant class of Schedule I substances as "[a]ny material, compound,
 
 mixture,
 
 or preparation that contains any quantity of the [listed] substances[.]"
 
 N.C. Gen. Stat. § 90-89
 
 (5) (emphasis added). Methylone and 4-Methylethcathinone, the substances found in the bag in Defendant's residence, are included in Subsection (5)(j) of
 
 N.C. Gen. Stat. § 90-89
 
 as Schedule I controlled substances.
 

 Defendant argues that, based on the words used by the General Assembly in subsection (5) of
 
 N.C. Gen. Stat. § 90-89
 
 , it is the
 
 mixture
 
 that is the Schedule I substance, not the individual listed substances therein. Essentially, Defendant contends that because the "Methylone" and "4-Methylethcathinone" were found in the
 
 same mixture
 
 , they constitute a single Schedule I controlled substance for purposes of criminal prosecution. As Defendant's argument goes, had the General Assembly intended for these two substances found in the same mixture to be punishable as two separate offenses, the General Assembly would have described a Schedule I substance to include "any of the following substances found in a mixture," rather than to include "any mixture [ ] that contains" the listed substances. While Defendant's argument may have some logical appeal, we hold that Defendant was properly subject to prosecution for two separate offenses.
 

 We note that our Court has already rejected the argument advanced by Defendant in another case where our Court affirmed a defendant's convictions of possession of ecstasy
 
 and
 
 possession of ketamine, where the ecstasy and ketamine were in the same pill.
 
 State v. Hall
 
 ,
 
 203 N.C.App. 712
 
 , 716-18,
 
 692 S.E.2d 446
 
 , 450-51 (2010). In
 
 Hall
 
 , the defendant argued that she could not be sentenced for possession of both ecstasy and ketamine because the statutes in question "[did] not allow the State to charge separate offenses when there is a mixture."
 
 Id.
 
 at 717,
 
 692 S.E.2d at 450
 
 . We rejected this argument, reasoning as follows:
 

 Defendant's argument misses the mark. The quantity of ecstasy and ketamine contained
 
 *826
 
 in each pill found in Defendant's possession was irrelevant to Defendant's convictions.
 
 Any amount
 
 of ecstasy and
 
 any amount
 
 of ketamine found in Defendant's possession would have been sufficient to charge Defendant with possession of
 
 both
 
 controlled substances.... A person will be deemed "to possess" ecstasy if that person is in possession of "[a]ny ... mixture ... which contains any quantity of [ecstasy]." Likewise, a person is considered "to possess" ketamine if that person is in possession of "[a]ny ... mixture ... which contains any quantity of ... Ketamine." Neither the presence nor the amount of ecstasy contained in each pill had any bearing on Defendant's conviction for possession of ketamine, and
 
 vice versa
 
 . Accordingly, the double jeopardy protections of the Fifth Amendment were not implicated in this instance.
 

 Id.
 
 at 717-18,
 
 692 S.E.2d at 451
 
 (internal citations omitted).
 

 As in the present case, the applicable statutes in
 
 Hall
 
 both defined the controlled substance as "any ... mixture ... which contains any quantity of [the relevant substance]"; however, we nonetheless concluded that the defendant could be punished for two offenses where two different drugs are found in the same "material, compound, mixture, or preparation."
 

 Id.
 

 Defendant's argument, while creative, ignores the quantitative element of the statute: possession of "[a]ny material, compound, mixture, or preparation that contains
 
 any quantity
 
 " of a Schedule I controlled substance is sufficient to charge a defendant with possession of the particular substance and to support a conviction for possession of the substance.
 
 N.C. Gen. Stat. § 90-89
 
 (5) ;
 
 see
 

 Hall
 
 ,
 
 203 N.C.App. at 717-18
 
 ,
 
 692 S.E.2d at 451
 
 .
 

 Defendant contends that
 
 Hall
 
 is distinguishable because the defendant in
 
 Hall
 
 was convicted of possession of a Schedule I substance and a Schedule III substance, rather than two Schedule I substances. However, we do not believe that the Court's reasoning in
 
 Hall
 
 is limited to a situation where a person may be convicted for possession of two controlled substances listed in separate schedules-it is equally applicable where a defendant is convicted of possession of two separate, distinct Schedule I substances. Applying the reasoning in
 
 Hall
 
 to the present case, we must conclude that "neither the presence nor the amount of [Methylone] contained in [the bag] had any bearing on Defendant's conviction for possession of [4-Methylethcathinone], and
 
 vice versa
 
 ."
 
 See
 

 id.
 
 at 718,
 
 692 S.E.2d at 451
 
 .
 

 B. Motion to Suppress
 

 Defendant's second argument on appeal relates to the trial court's denial of his second motion to suppress based on the doctrine of collateral estoppel.
 

 After Defendant was indicted for PWIMSD 4-Methylethcathinone following his first appeal to this Court, he filed a motion to suppress in the trial court which was practically identical to the motion to suppress he filed after he was first-incorrectly-indicted for PWIMSD Methylethcathinone. When Defendant filed the first motion to suppress, the trial court held a full hearing, during which it received evidence and ultimately denied the motion. In its ruling on Defendant's
 
 second
 
 motion to suppress, the trial court noted that the second motion "relate[d] to the same chain of events and same transaction and occurrence as [the first motion to suppress] and relate[d] to the same issues."
 

 Collateral estoppel precludes parties from "retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination."
 
 King v. Grindstaff
 
 ,
 
 284 N.C. 348
 
 , 356,
 
 200 S.E.2d 799
 
 , 805 (1973) (internal marks omitted). The doctrine of collateral estoppel applies to both civil and criminal actions.
 
 Sealfon v. United States
 
 ,
 
 332 U.S. 575
 
 , 578,
 
 68 S.Ct. 237
 
 ,
 
 92 L.Ed. 180
 
 (1948). Proper application of collateral estoppel requires: (1) the same parties, (2) the same issue, (3) that the issue was raised and actually litigated in the prior action, (4) that the issue was material and relevant to the disposition of the prior action, and (5) that the determination of the issue was necessary and essential to the prior judgment.
 
 State v. Dial
 
 ,
 
 122 N.C.App. 298
 
 , 306,
 
 470 S.E.2d 84
 
 , 89 (1996) (citing
 
 King
 
 ,
 
 284 N.C. at 358
 
 ,
 
 200 S.E.2d at
 
 806 ).
 

 *827
 
 It may be true, as Defendant argues, that the trial court had no jurisdiction over the PWIMSD 4-Methylethcathinone charge during the suppression hearing held prior to the first appeal to this Court. However, "collateral estoppel" involves "issue preclusion," not "claim preclusion." The issue in the second suppression hearing was the same as the issue decided in the first suppression hearing regarding Defendant's possession of Methylone; namely, whether the
 
 bag
 
 was lawfully discovered. When our Court vacated Defendant's conviction for PWIMSD Methylethcathinone, it left Defendant's conviction for PWIMSD Methylone undisturbed, which included the trial court's conclusion that the bag was lawfully discovered.
 

 Therefore, the trial court properly applied the doctrine of collateral estoppel when it denied Defendant's second motion to suppress because: (1) the parties were the same, (2) the issues raised by the motion to suppress were the same-whether the bag containing the powdery substance was lawfully obtained from Defendant's residence, (3) the issues raised were raised and fully litigated during the trial court's hearing on Defendant's first motion to suppress, (4) the issue was material and relevant to the disposition of the prior action, and (5) the trial court's determination was necessary and essential to the final judgment-Defendant's conviction of PWIMSD Methylone.
 

 Accordingly, we conclude that the trial court properly denied Defendant's second motion to suppress based on collateral estoppel.
 

 AFFIRMED.
 

 Judges ELMORE and ZACHARY concur.
 

 [1]
 

 To the extent that it may be necessary to correct any jurisdictional defect due to Defendant's failure to properly preserve grounds for his appeal, we hereby invoke Rule 2 of the North Carolina Rules of Appellate Procedure to address the merits of Defendant's appeal. Defendant's petition for certiorari is therefore denied.